1  John A. Stillman, Esq., State Bar No. 43731
2  Heidi Stilb Lewis, Esq., State Bar No. 98046
   **GOOD, WILDMAN, HEGNESS & WALLEY**
3  5000 Campus Drive
   Newport Beach, California 92660
4  Telephone (949) 955-1100
   Facsimile: (949) 833-0633
5



FILED
CLERK, U.S. DISTRICT COURT

NOV 1 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6  Attorneys for Plaintiff Frank Joseph Carderella

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11  FRANK JOSEPH CARDERELLA,          )  CASE NO.
12            Plaintiff,              )  **CV09-8299 R (MANx)**
                                      )
13        vs.                         )  **INDIVIDUAL COMPLAINT FOR**
                                      )  **MONETARY AND INJUNCTIVE RELIEF**
14  JANET NAPOLITANO, as Secretary of the )  **FOR EMPLOYMENT DISCRIMINATION**
15  Department of Homeland Security   )  **[Title VII of Civil Rights Act of 1964]**
                                      )  **42 U.S.C. §§1981a, 2000e et seq.]**
16            Defendant.              )
                                      )  **(DEMAND FOR JURY TRIAL)**
17                                    )
                                      )
18                                    )
                                      )
19                                    )

20

21       Plaintiff Alleges:

22            1.      This is an action brought pursuant to Title VII of the United States Civil

23  Rights Act of 1964, as amended, Title 42 United States Code Sections 1981a, 2000e et. seq., to

24  obtain relief for Plaintiff Frank Joseph Carderella ("Carderella") for alleged discrimination in

25

26  employment against Plaintiff because of Plaintiffs race (white)), religion (Catholic), sex (male),

27  and national origin (Italian) when on September 15, 1996, he was not selected for the position

28

                                        1

INDIVIDUAL COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF FOR EMPLOYMENT DISCRIMINATION

                         DEMAND FOR JURY TRIAL

of Detention Enforcement Officer, GS-7, in Los Angeles, California in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code Section 2000e-2(a)(1) and (2).  By this action, Plaintiff Carderella seeks the following relief pursuant to Title VII, Title 42 United States Code section 2000e-5(g) and (k): monetary relief, including back pay, front pay, compensatory and punitive damages, attorney's fees and costs of suit, and injunctive relief, consisting of an order that the U.S. Immigration and Customs Enforcement immediately give Plaintiff any and all retirement credit which he would have earned if he had been transferred to the covered position of Detention Enforcement Officer as a result of said discriminatory non-selection of Plaintiff for the position of Detention Enforcement Officer, GS-7, in Los Angeles, California.

       2.     Despite the timely filing on January 29, 1997 of a Formal Complaint with the U.S. Immigration and Naturalization Service, an investigation by the Office of Equal Opportunity Employment in connection with the same, Plaintiff's timely request on January 24, 1999 of a final agency decision without hearing, including review of the file by the Dept. of Justice, no further action was taken by the U.S. Immigration and Naturalization Office Of Equal Employment Opportunity. Instead, On August 1, 2008, the U.S. Immigration and Customs Enforcement Office of Equal Employment Opportunity notified Plaintiff it could not locate his file and requested he resubmit the same within 15 days, which Plaintiff did. On September 8, 2008 the U.S. Immigration and Customs Enforcement Office of Equal Employment Opportunity directed Daniel Sutherland, Officer for Civil Rights and Civil Liberties Dept. of Homeland Security, to issue a final agency decision on the Plaintiff's complaint. Plaintiff has not to date, through no fault of his own, received the final agency decision and/or any further correspondence relating to the same despite recent demand including a letter seeking a Right-to-

2

Sue letter. Plaintiff has exhausted his administrative remedies and, in the process, tolled the statute of limitations for the filing of the within complaint.

3.     Plaintiff Frank Joseph Carderella ("Carderella" or "Plaintiff") is an adult person and a resident of the County of Los Angeles, California.

4.     Plaintiff, who was then an employee of the U.S. Immigration and Naturalization Service, was on September 15, 1996 denied the position of Detention Enforcement Officer GS-7 ("DEO"), in Los Angeles California with the U.S. Immigration and Naturalization Service.

5.     Plaintiff is a white Catholic male of Italian descent.

6.     Defendant Janet Napolitano is being sued as the Secretary of the Department of Homeland Security which is the current department over U.S. Immigration and Customs Enforcement which was formerly known as U.S. Immigration and Naturalization Services and was under the Department of Justice and is subject to suit under Title VII of the of the Civil Rights act 1964, as amended and 42 U.S.C. § 2000e-16.

7.     Jurisdiction of the subject matter of this action is established in this court under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 U.S.C.§ 2000e-5(f)(3). This is the proper venue for this action under Title VII of the United Civil Rights Act of 1964, as amended, Title 42 U.S.C.§2000e-5(f)(3), in that the unlawful employment practice alleged herein was committed within this Court's judicial district.

8.     Plaintiff worked for the United States Bureau of Prisons from 1991-1996 as a Correctional Officer and as a Case Manager. Both of these positions were and are classified as Law Enforcement Officers for retirement purposes which allowed the Plaintiff to be eligible to receive the benefits of a specific law enforcement retirement plan. Positions that allow the

3

occupier of such positions to be eligible for such specific retirement plans are commonly

referred as "covered" positions.

9.     In November 1995, Plaintiff applied at the U.S. Immigration and

Naturalization Service ("INS") for the position of DEO in Los Angeles, California and received

a telephonic interview in May 1996 with Rafael Roldan (Hispanic, Caribbean/South American

national origin, a male, a Roman Catholic), deportation officer, GS1801-12, Detention and

Deportation Branch, L.A. District, and with Denise Lopez (Black, U.S. national origin, female,

nondenominational), deportation officer, GS1801-12, Detention and Deportation Branch, L.A.

District. The interview consisted of only job and performance related questions. Plaintiff is

informed and believes and based on such information and belief alleges that Mr. Roldan and Ms.

Lopez recommended him for the subject position. While this application was being considered,

Plaintiff was hired by the U.S. Immigration and Naturalization Service (INS) as an Immigration

Inspector, which was not a Law Enforcement Officer (LEO) "covered" position, and was

assigned to the San Ysidro Port of Entry (POE), at the U.S./Mexico border.

10.     A DEO is a "covered" position and Plaintiff was willing to take a pay cut

in order to qualify for that "covered" position.

11.     On September 15, 1996, the selecting official, Beverly Wilson (Black,

U.S. national origin, female, nondenominational), Deputy Assistant District Director for

Detention and Deportation, GS-14, L.A. District office, did not select Plaintiff for the position

because of his race (white), religion (Catholic), sex (male), and national origin (Italian), but

selected at least one other applicant for the position. U.S. Immigration and Customs

Enforcement formerly the U.S. Immigration and Naturalization Service denied Plaintiff the

4

position of Detention Enforcement Officer GS-7, and continued to deny Plaintiff this position for some time.

    12.  As of September 15, 1996, and at all times herein mentioned, Plaintiff was in all respects qualified for the position of DEO based on the following:

    a.  Bachelor of Arts Degree (Physical Education), California State University, Long Beach, Ca.  (May 1988).

    b.  Masters of Science Degree (Criminal Justice), California State University, Long Beach, Ca.  (December 1992

    c.  Correctional Officer, Federal Bureau of Prisons, Federal Correctional Institution (FCI), Terminal Island, California. 6/91-3/94, GS-7/3;

    d.  Case Manager, Federal Bureau of Prisons, Federal Correctional Institution (, Terminal Island, California, 3/93-2/96, GS-11/1;

    e.  Special Operations Response Team (S.O.R.T.), Federal Bureau of Prisons, Federal Correctional Institution , Terminal Island, California, 9/93-2/96, GS-11/1;

    f.  Completion of the Immigration Officer Basic Training Course (IOBTC) Phase I. Federal Law Enforcement Training Center, Charleston, South Carolina, June 1996.

    g.  Completion of the Immigration Officer Basic Training Course (IOBTC) Phase II. Federal Law Enforcement Training Center, Glynco, Georgia, September 1996.

    h.  Immigration Inspector, U.S. Immigration and Naturalization Service, March 1996-December 1997, GS-11/1, San Ysidro, California (Port of Entry);

INDIVIDUAL COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF FOR EMPLOYMENT DISCRIMIATION

DEMAND FOR JURY TRIAL

13.   Without applying, Carderella was offered the position of Special Operations Inspector (SOI), Los Angeles International Airport in September 1997.  This was basically the equivalent of a supervisory position, but was turned down by Carderella as the assignment was not to a "covered position."

14.   Defendant's non-selection of Plaintiff for the position of DEO constitutes disparate treatment in violation of Title VII Of the United States Civil Rights Act of 1964, as amended and Title 42 United States Code Section 2000e-16 in that the Defendant denied an employment opportunity to Plaintiff because of Plaintiff's race (white), sex (male), religion (Catholic) and national origin (Italian).

15.   Defendant's discriminatory action(s) against Plaintiff, which constitutes an unlawful employment practice in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code Section 2000e-16, has caused and will continue to cause Plaintiff losses of retirement credits, from the date of September 15, 1996 until the date on which Plaintiff is given the retirement credits which he would have received if he had been hired for the position for which he applied.

16.   Defendant's discriminatory action(s) against Plaintiff, which constituted an unlawful employment practice in violation of Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code Section 2000e-16, has also caused and will continue to cause Plaintiff loss of pension rights and other benefits accruing, from the date of non-selection of September 15, 1996 to present in an amount according to proof at the time of trial.

17.   The above recited actions of Defendant were done with reckless indifference to Plaintiff's rights under Title VII in that Defendant's conduct warrants the

6

assessment of punitive damages in an amount sufficient to punish Defendant and deter others from engaging in similar misconduct..

18.     On January 29, 1997 Plaintiff filed a complaint of discrimination with the U.S. Department of Justice-Immigration and Naturalization Service-Office of Equal Employment Opportunity.   A true and correct copy of his written complaint is attached hereto as Exhibit A and incorporated herein by reference as though set forth in full. That complaint was timely filed, under Title VII of the United States Civil Rights Act of 1964, as amended, Title 42 United States Code 2000e-5.

19.     By letter dated April 24, 1997, the U.S. Department of Justice-Immigration and Naturalization Service-Office of Equal Employment Opportunity acknowledged receipt of the complaint noting it has been assigned number I-97-0109 and had been accepted for investigation on the basis of race (white), religion (Catholic), sex (male) and national origin (Italian).  A true and correct copy of the letter of said date is attached hereto as Exhibit B and incorporated herein by reference as though set forth in full.

20.     An investigation was conducted on the complaint and, based upon that investigation, a report was issued on or about December 14, 1998, a true and correct copy of which is attached hereto as Exhibit C and incorporated herein by reference as though set forth in full.

21.     On or about December 29, 1998, Plaintiff received, from the US Department of Justice Immigration and Naturalization Service Office of Equal Employment Opportunity, notice of the right within 30 days of receipt of such correspondence to request a hearing or a final agency decision without a hearing based on the existing complaint.  A true and

correct copy of the December 29, 1998 letter is attached hereto as Exhibit D and incorporated

herein by reference as though set forth in full.

22.     On January 24, 1999, in response to said letter, Plaintiff notified in writing

The Acting Director of Office of Equal Employment Opportunity US Immigration And

Naturalization Service of his request for a final agency decision without a hearing.   True and

correct copies of the January 24, 1999 letter requesting a final decision without hearing together

with proof of mailing and a receipt are attached hereto as Exhibit E and incorporated herein as

though set forth in full.

23.     By letter dated December 18, 2007 John Stillman of Good Wildman

Hegness & Walley, attorney for the Plaintiff, advised US Immigration and Customs Enforcement

EEO Complaints Program Management Office-Twin Cities (Judy Maltby) that Plaintiff had not

received any response whatsoever to his January 29, 1999 request for a final decision without

hearing.   True and correct copies of Mr. Stillman's December 18, 2007 letter with proof of

mailing and a receipt are attached hereto as Exhibit F and incorporated by reference herein as

though set forth in full.

24.     By letter dated August 1, 2008, Plaintiff's attorney received a letter from

Ramona S. Hill, acting EEO Manager, Formal Complaint Center Office of Equal Employment

Opportunity for US Immigration and Customs Enforcement, a true and correct copy of which is

attached hereto as Exhibit G and incorporated herein by reference as though set forth in full,

wherein she informed Mr. Stillman that the office is unable to locate Plaintiff's complaint and

requested that Plaintiff submit a copy of the report of investigation generated in his claim as well

as any other relevant documentation within 15 calendar days of the August 1, 2008 letter, to

Gerald Rock, Contract EEO Specialist, U.S. Immigration and Customs Enforcement Office of

8

Equal Employment Opportunity formal complaint Center. In response, by letter dated August 12, 2008 Plaintiff forwarded to Gerald Rock, Plaintiff's letter of representation, a copy of the report of investigation and other relevant documentation.     True and correct copies of the August 12, 2008 letter with evidence of receipt are attached hereto as Exhibit H. and incorporated herein by reference as though set forth in full.

25.     On September 8, 2008, Plaintiff and his attorney were copied with a memo from Ramon S. Hui, Acting EEO Manager to Daniel Sutherland Officer for Civil Rights and Civil Liberties Department of Homeland Security, instructing Mr. Sutherland, "Pursuant to Complainant's request dated January 24, 1999, please issue a final agency decision (F.A.D.) on the legacy Department of Justice (DOJ), Immigration and Naturalization Service discrimination complaint captured above." A true and correct copy of the September 8, 2008 memorandum is attached hereto as Exhibit I and incorporated herein by reference as though set forth in full.

26.     On January 15, 2009, Plaintiff's attorney informed Stephen T. Shih.Esq. Deputy Officer Equal Employment Opportunity Program Office for Civil Rights and Civil Liberties that he had still not received any final decision without hearing on his discrimination complaint. A true and correct copy of his attorney's letter of January 15, 2009 is attached hereto as Exhibit J and incorporated herein by reference as though set forth in full.

27.     On August 7, 2009, Plaintiff's attorney wrote to the Department of Homeland Security and in particular to Stephen T. Shih. Esq. Deputy Officer, Equal Employment Opportunity Program, Office for Civil Rights and Civil Liberties to inquire as to the status of the Final Agency Decision and was advised by letter dated October 2, 2009 that a decision would be issued as soon as possible.  True and correct copies of the August 7th letter and

9

the October 2nd response is attached hereto as Exhibit K and Exhibit L and incorporated herein by reference as though set forth in full.

28.     As of the date of filing of this complaint, the Plaintiff still has not received a final decision without hearing on his discrimination complaint and/or any further communications from the government agencies.

WHEREFORE, Plaintiff prays judgment as follows:

1.     For credit toward retirement as if having been in a "covered" position since the beginning of his employment with the United States Bureau of Prisons in 1991 to the present.

2.     For compensatory damages according to proof;

3.     For punitive damages in an amount appropriate to punish Defendant and deter others from engaging in similar misconduct;

4.     For costs of suit, including reasonable attorney's fees and expert fees, pursuant to Title 42 United States Code Section 2000e-5(k) and other applicable laws; and

5.     For such other and further relief as the court deems proper.

Dated:  November 10, 2009          GOOD, WILDMAN, HEGNESS & WALLEY

By: _____

John A. Stillman, Attorneys for Plaintiff
Frank Joseph Carderella

DEMAND FOR JURY TRIAL:

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

GOOD, WILDMAN, HEGNESS & WALLEY

By: _____

John A. Stillman, Attorneys for Plaintiff
Frank Joseph Carderella

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Margaret A. Nagle.

The case number on all documents filed with the Court should read as follows:

## CV09- 8299 R  (MANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

===========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
John A. Stillman, Esq., State Bar No. 43731
Heidi Stilb Lewis, Esq., State Bar No. 98046
GOOD, WILDMAN, HEGNESS & WALLEY
5000 Campus Drive
Newport Beach, California 92660

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| FRANK JOSEPH CARDERELLA | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV09-8299 R (MANx) |
| v. | |
| JANET NAPOLITANO, as Secretary of the Department of Homeland Security | **SUMMONS** |
| DEFENDANT(S). | |

TO:     DEFENDANT(S): JANET NAPOLITANO, as Secretary of the Department of Homeland Security

A lawsuit has been filed against you.

Within __60__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, JOHN A. STILLMAN, ESQ._____, whose address is Good, Wildman, Hegness & Walley, 5000 Campus Drive, Newport Beach, CA 92660_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   **13 NOV 2009**

By: _Shin Bongor_

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                          **SUMMONS**

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>FRANK JOSEPH CARDERELLA | DEFENDANTS<br>JANET NAPOLITANO, as Secretary of the Department of Homeland Security |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>John A. Stillman, Esq., SBN 43731; Heidi Stilb Lewis, Esq., SBN 98046<br>GOOD, WILDMAN, HEGNESS & WALLEY, 5000 Campus Drive, Newport<br>Beach, CA 92660; Tel: 949-955-1100; Fax: 949-833-0633 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☑ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No    ☑ **MONEY DEMANDED IN COMPLAINT:** $ Unknown

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 USCA 2000e - Employment Discrimination

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☑ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV09-8299

FOR OFFICE USE ONLY:    Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☑   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

***\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties***
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____     Date 11/10/09

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed
but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |