EXHIBIT A

**Complaint of Discrimination**
(See Instructions on reverse)

PRIVACY ACT STATEMENT: 1. AUTHORITY—The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Sections 1614.106 and 1614.108. 2. PURPOSE AND USE—This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, religion, sex, age, handicap, or national origin. The signed statement will serve as the record necessary to initiate an investigation and will become part of the complaint file during the investigation, hearing, and/or adjudication; and appeal, if any, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE—Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being accepted without...

**1. Complainant's Full Name**

FRANK JOSEPH CARDERELLA

**Street Address, RD Number, or Post Office Box Number**

3651 GARDENIA AVE

**City, State and Zip Code**

LONG BEACH, CA 90807

**2. Your Telephone Number (including area code)**

Home   (310) 426-2126

Work   (619) 662-7240

**3. Which Department of Justice Office Do You Believe Discriminated Against You?**

U.S. IMMIGRATION AND NATURALIZATION SERVICE

**A. Name of Office Which You Believe Discriminated Against You.**

U.S. IMMIGRATION AND NATURALIZATION SERVICE
LOS ANGELES DISTRICT OFFICE

**B. Street Address of Office**

300 NORTH LOS ANGELES STREET, ROOM 8114

**C. City, State and Zip Code**

LOS ANGELES, CA 90012

**4. Current Work Address**

720 EAST SAN YSIDRO BLVD, SAN YSIDRO, CA 92173

**A. Name of Agency Where You Work**

U.S. IMMIGRATION AND NATURALIZATION SERVICE

**B. Street Address of Your Agency**

880 FRONT STREET, SUITE 1234

**City, State and Zip Code**

SAN DIEGO, CA 92101

**D. Title and Grade of Your Job**

IMMIGRATION INSPECTOR GS-9/9          S-97-63

**5. Date on Which Most Recent Alleged Discrimination Took Place**

| Month | Day | Year |
|-------|-----|------|
| 09    | 11  | 96   |

**6. Check Below Why You Believe You Were Discriminated Against?**

☒ Race or Color (Give Race or Color)  WHITE
☒ Religion (Give Religion)  CATHOLIC
☒ Sex (Give Sex) ☒ Male  ☐ Female
☐ Age (Give Age)
☒ National Origin (Give National Origin)  ITALIAN
☐ Sexual Harassment

☐ Handicap  ☐ Physical  ☐ Me...

☐ Reprisal  ☒ Other

EXPERIENCE/QUALIFICATIO...

**7. Explain How You Believe You Were Discriminated Against** (Treated differently from other employees or applicants) Because of Your Race, Color, Religion, Sex, Age, Handicap, Reprisal or National Origin (You may continue your answer on another sheet of paper if you need more space). I FEEL THAT BASED ON MY PRIOR WORK EXPERIENCE AND QUALIFICATIONS, IN ADDITION TO ALREADY WORKING FOR U.S. I&NS IN A HIGHER LEVEL POSITION (IMMIGRATION INSPECTOR), WOULD HAVE RATED ME ABOVE ALL OTHER APPLICANTS. CONSEQUENTLY, I WAS RATED AS "ONE" OF MANY "EQUALLY QUALIFIED" APPLICANTS. I FEEL THAT I WAS DELIBERATELY OVER LOOKED DURING THE SELECTION PROCESS AND DISCRIMINATED AGAINST IN THE FOLLOWING CATEGORIES: RACE (WHIT...; RELIGION (CATHOLIC); SEX (MALE); NATIONAL ORIGIN (ITALIAN); AND OTHER (EXPERIENCE/QUALIFICATIONS).

**8. What Corrective Action Do You Want Taken on Your Complaint?**
REQUESTING IMMEDIATE ASSIGNMENT TO THE LOS ANGELES OR ORANGE COUNTY AREAS AS A DETENTION ENFORCEMENT OFFIC... OR ANY OTHER (COVERED) LAW ENFORCEMENT POSITION THAT IS AVAILABLE. CURRENTLY, I HAVE (7) APPLICATIONS PENDING WITH U.S. I&NS FOR LAW ENFORCEMENT POSITIONS. ADDITIONALLY, REQUESTING MONETARY COMPENSATION FOR... EXPENSES THAT I HAVE INCURRED DUE TO MY CURRENT (HARDSHIP) SITUATION.

**9. A) I Have Discussed My Complaint With an Equal Employment Opportunity Counselor**

DATE OF FIRST CONTACT:

| Month | Day | Year |
|-------|-----|------|
| 09    | 25  | 96   |

DATE OF LAST INTERVIEW:

| Month | Day | Year |
|-------|-----|------|
| 01    | 23  | 97   |

**B) Name of Counselor:**

JEFFREY P. SIEGEL

C) I have...
contacted...
EEO Coun...

**10. Date of This Complaint:**

| Month | Day | Year |
|-------|-----|------|
| 04    | 02  | 97   |

**11. Sign Your (Complainant's) Name Here:**

*[signature]*

FORM DOJ...

January 26, 1997

Diane Weaver
Director of Equal Employment Opportunity
Immigration and Naturalization Service
425 I Street, N.W. Room 2210
Washington, D.C. 20536

Dear Ms. Weaver:

I am filing this formal complaint as required by a policy and
requesting a continuance in the investigation of my
discrimination case under the collective bargaining agreement
(negotiated grievance procedure).  Due to the findings of the
initial investigation, to include a vague and unacceptable
explanation as to why I was not selected for the position of
Detention Enforcement Officer, I am requesting further assistance
in this matter.

In the summary (Report of Findings/pg. 8), it was concluded that
I received a recommendation for hire, but just wasn't selected.
Additionally, it was concluded that I was one of many equally
qualified candidates and the fact that I wasn't selected for the
position was not due to any uncertainty on the part of the
Immigration and Naturalization Service.  I initially requested an
EEO investigation on this matter in order to see exactly how I
was rated and how my background and experience compared against
the (25) candidates who were selected.

A review of the findings on page 6 of the report (6. Inquiry)
indicated that no record checks were performed during the
investigation.  My question at this time concerns the current
evaluation system currently being utilized by INS.  What is the
basis for selected one applicant over another?  When there many
"so-called" equally qualified candidates competing for the same
position what system is being employed in order to make a final
determination?

I question how my background and experience can make me equally
qualified against another applicant with no prior government law
enforcement or detention experience.  I also question how a
person who has already been selected for the position of
Immigration Inspector by the same agency and was attending the
IOBTC Academy in Charleston, South Carolina at the time of their
interview, can be considered an equally qualified applicant.

97-236

12

I believe that my education, job-related training and experience, in addition to the completion of the IOBTC Academy and working as a Immigration Inspector would have been sufficient enough to secure a position during the selection process.  The following information gives a brief run-down of my background and qualifications for your review.

**IMMIGRATION INSPECTOR, U.S. IMMIGRATION AND NATURALIZATION SERVICE, 3/96 - PRESENT, GS-9/10, SAN YSIDRO, CALIFORNIA (POE).**

**CASE MANAGER, FEDERAL BUREAU OF PRISONS, 3/94 - 2/96, GS-11/1.** Supervision of 150 - 300 inmates (per case load) and 6 staff members.  Responsibilities included: counseling; progress reports; intake screening; classification of inmates (designation of security levels); correspondence to federal, state and local law enforcement agencies, Congressional, Judicial, Victim/Witness Program, U.S. Attorney, U.S. Federal Probation, U.S. Parole Commission and Foreign Consulates to coordinate the removal of criminal aliens (Treaty Transfers).

**CORRECTIONAL OFFICER, FEDERAL BUREAU OF PRISONS, 6/91 - 3/94 GS-7/3.**  Enforcement of the rules and regulations governing the operation of a correctional institution (i.e. confinement, safety, health and protection of staff and inmates).  The supervision of 80 - 200 inmates (per housing unit) and 60 inmates (high security detention unit).  The transporting of inmates (car, van and bus), to include hospital trips and airlifts.

**SPECIAL OPERATIONS RESPONSE TEAM (S.O.R.T.), FEDERAL BUREAU OF PRISONS, 9/93 - 2/96, GS-11/1.**  Technically qualified and proficient in the following areas: rapelling; security hard-ware; locking systems; cutting torch; riot control; tactical planning; blue print reading; first aid; self-defense and weapons.

**MASTERS OF SCIENCE DEGREE (CRIMINAL JUSTICE), CALIFORNIA STATE UNIVERSITY, LONG BEACH, DECEMBER 1992.**

**BACHELOR OF ARTS DEGREE (PHYSICAL EDUCATION), CALIFORNIA STATE UNIVERSITY, LONG BEACH, MAY 1998.**

Due to the events that have taken place over the past year, my wife and I are now confronted with an extreme hardship. Currently, we reside in Long Beach, California and I must commute 115 miles (one-way) to work at the U.S./Mexico border in San Ysidro, California. Because of the current I&NS policies restricting employees from transferring out of San Ysidro, I am unable to transfer to the Los Angeles District Office which is 30 minutes from my house or Los Angeles International Airport which is 15 minutes from my house. Additionally, my wife has been employed with the Bureau of Prisons (San Pedro, CA) for the past five years and has been promoted to the position of Special Investigative Assistant. It would not be in her best interest to leave her present position and relocate at this time.

Due to the circumstances that now left me in this present situation, in addition to my prior experiences in applying for positions within I&NS, I am prepared to utilize every means available in this process that will enable to obtain a judgement in my favor. Thank you for your time and assistance in this matter.

Sincerely,

Frank J. Carderella

14

EXHIBIT B

U.S. Department of Justice

Immigration and Naturalization Service

---

425 I Street NW.
Washington, DC 20536    APR 2 4

HQ 60/7

In re:  Discrimination Complaint of

Mr. Frank J. Carderella
3651 Gardenia Ave.
Long Beach, CA  90807

_____Frank J. Carderella_____

Complaint No.:  ___I-97-0109___

Date Filed:  ___January 29, 1997___

Dear Mr. Carderella:

The purpose of this letter is to acknowledge receipt of your discrimination complaint by the U.S. Immigration and Naturalization Service and to provide you with written notification of your rights as well as the time requirements for exercising those rights.  If you have further questions, please contact this office.

In accordance with 29 Code of Federal Regulations Part 1614.105, it is necessary for you to advise this office, in writing, of any changes with respect to your current address and duty station within 15 calendar days (all time frames identified are calendar days).  Also, you have an affirmative burden to cooperate in the processing of your complaint by providing information or sworn testimony, as appropriate.  Failure to do so will be construed as failure to prosecute.

If your complaint, or any allegation contained therein is rejected, it is considered to be a final agency decision by the Director of EEO for the Department of Justice on the complaint or that portion of the complaint which is rejected.  You will receive a decision by separate letter if your complaint or any part thereof is rejected.  You have the right to appeal any dismissal within 30 days of receipt to the Equal Employment Opportunity Commission.

If your complaint is accepted, it will be investigated within 180 days of receipt of the formal complaint as outlined under 29 CFR Part 1614.108.  The time frame for the investigation can be extended by agreement of both parties.  After completion of the investigation, you will receive a summary of the investigative report and a copy of the investigative file.

15

2

Within 30 calendar days after receipt of your investigative file you have the following election rights:

> (1) A hearing by a U.S. Equal Employment Opportunity Commission (EEOC) Administrative Judge who will conduct the hearing and recommend a decision to the Department of Justice, after which a final decision will be rendered by the Complaint Adjudication Officer of the Department of Justice; or

> (2) A final agency decision without a hearing based on the existing complaint file by the Department of Justice, Complaint Adjudication Officer.

If you want a hearing or final agency decision without a hearing you must **NOTIFY THIS OFFICE WITHIN 30 CALENDAR DAYS OF RECEIPT OF THE INVESTIGATIVE FILE OF YOUR COMPLAINT**; otherwise your complaint will be forwarded to the Complaint Adjudication Officer for issuance of the final agency decision.

Your request for a hearing or a final agency decision without a hearing must be addressed to this office, so that necessary arrangements can be made.

If you are dissatisfied with the final agency decision by the Complaint Adjudication Officer of the Department of Justice (with or without a hearing), you may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 days of receipt of the final agency decision or notice of dismissal. Also, you may submit a brief or statement to support your appeal to OFO within 30 days after filing the notice of appeal. If you are represented by an attorney, then the 30 days time frame shall be calculated from the receipt of the required document by your attorney. Any appeal to the EEOC should be addressed to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, D.C. 20036. At the same time of your appeal to EEOC, you must furnish a copy of the appeal and any supporting brief or statement to this office at the following address:

> Director, Office of EEO, Room 1122
> Immigration and Naturalization Service
> 425 I Street, N.W.
> Washington, D.C. 20536

16

3

Instead of an appeal to the EEOC you may file a civil action in a proper federal district court within 90 calendar days after receiving the final agency decision or, if the agency has not issued a final decision on your complaint, after 180 calendar days from the date the formal complaint was filed.  If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security.  Any such request must be made within the above referenced **90-day** time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant.  Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled.  The head of the Department of Justice is Janet Reno, Attorney General.

If you decide to appeal to the EEOC Office of Federal Operations, you will still have an opportunity to file a civil action in a federal district court within 90 calendar days after receiving the EEOC's final decision, or 180 calendar days after the date of your initial appeal to the Commission if the EEOC has not rendered a final decision.

In addition, if the Complaint Adjudication Officer of the Department of Justice has not issued a final decision on your complaint within 180 days of the date it was filed with the Service, you may file a civil action in an appropriate U.S. District Court. **However, the filing of a civil action terminates the administrative processing of your complaint.**

Your continuing cooperation during the processing of your discrimination complaint will ensure that this matter is processed as expeditiously as possible.

Sincerely,

D. Diane Weaver
Acting Director
Office of EEO

17

cc:   Chron
      WF-Carderella, Frank
INS:HQEEO:DDWeaver:MBarbour:tw:514-2732:4/14/97

EXHIBIT C

**U.S. DEPARTMENT OF JUSTICE**
**IMMIGRATION AND NATURALIZATION SERVICE**

---

## REPORT OF INVESTIGATION

---

### I.    DESCRIPTION OF COMPLAINT

| | |
|---|---|
| Name of Complainant: | Frank Carderella<br>Case #I-97-0109 |
| Title and Grade of<br>Complainant's Position: | Immigration Inspector<br>GS-9 |
| Name and Location of Agency<br>and Unit involved in Complaint: | L.A. District Office<br>300 No. Los Angeles St.,<br>Los Angeles, CA 90012 |
| Dates of Alleged Discrimination: | 15 September 1996 |
| Kind of Discrimination Alleged: | race, religion, sex, national origin |
| Nature of Action, Decision, or<br>Condition Giving Rise to Complaint: | Non-selection |

### II.    DESCRIPTION OF INVESTIGATION

| | |
|---|---|
| Identity of Investigator: | David S. Buxton<br>Delany, Siegel, Zorn & Associates,<br>Inc.<br>455 West Broadway<br>Boston, MA  02127 |
| Date Report of Investigation<br>Submitted to Agency: | DEC 1 4 1998 |
| Place of Investigation: | Los Angeles, CA |
| Dates of Investigation: | 24 August 1998 |
| Method of Investigation: | On Site Interviews |

*DEC 2 2 1998*
*98-1876*

### III.   DESCRIPTION OF BASES AND ISSUES IN COMPLAINT

Complainant alleges that he was discriminated against on the bases of his race (White), religion (Catholic), sex (male), and national origin (Italian) when, on 15 September 1996, he was not selected for the position of Detention Enforcement Officer, GS-7, in Los Angeles, CA.

### IV.    SUMMARY

Complainant states that, at the time of the selection at issue, he was working as a GS-7 or higher Immigration Inspector, stationed in San Ysidro, California. He states he was willing to take the entry level GS-5/7 Detention Enforcement Officer position in Los Angeles because he lived in Los Angeles and was commuting to San Diego to work (Exhibit F2).



Complainant states he applied for the position at issue in November 1995, and received a telephonic interview in May 1996 with Rafael Roldan (Hispanic, Carribean/South American national origin, male, Roman Catholic), Deportation Officer, GS-1801-12, Detention and Deportation Branch, L.A. District, and with Denise Lopez (Black, U.S. national origin, female, Non-denominational), Deportation Officer, GS-1801-12, Detention and Deportation Branch, L.A. District. Complainant states the interview consisted of only job and performance related questions. He states that he believes Mr. Roldan and Ms. Lopez recommended him for selection, but the selecting official, Beverly Wilson (Black, U.S. national origin, female, Non-denominational), Deputy Assistant District Director for Detention and Deportation, GS-14, L.A. District Office, did not concur with their recommendation and did not select him (Exhibit F2).

Complainant states he believes there were about 25 selectees through this vacancy announcement, but he does not know who specifically was selected through this announcement. He states he does not know the specific qualifications of any of the selectees, but he believes many of the selectees had come from GS-5/6/7 Correctional Officer positions from the Bureau of Prisons (BOP) (Exhibit F2).

Complainant states he does not know he was necessarily better qualified than all the selectees, but he states his experience consisted of BOP work as a Correctional Officer, and working up to the GS-11 grade as a Case Manager, experience with the BOP Special Response Team, a Master of Science in Criminal Justice, a bachelor's degree in Physical Education with a minor in Athletic Training, and fluency in Spanish and Italian. He states he was also an Immigration Inspector with the INS, and was finishing up his academy training at the time he was interviewing for the position at issue. He states that he was overqualified for the entry level position for which he was competing, and he does not believe those selected, whomever they may have been, likely had the same level of education, training, and experience. He states he does not believe a fair assessment of his qualifications and abilities was made (Exhibit F2).

Complainant states he cannot say for certain that his sex, race, national origin, and religion were motivating factors, because he does not know the selectees, but it appears to him that different groups of selectees are chosen based on the needs of the organization to maintain an equitable representation of various groups among their personnel, rather than making selections based on qualifications. He states that based on his name, Ms. Wilson could have inferred that he was Italian, and since most Italians are Catholic, she could have made that assumption as well, but he has no direct contact with Ms. Wilson and has never heard nor seen anything which would directly lead him to believe she discriminates against people because of race, sex, national origin, or religion (Exhibit F2).



Ms. Wilson denies that race, sex, national origin, or religion were considerations in the selection process, relative to the Complainant or anyone else. She states her role in this selection was to review the recommendations made by the interviewing officials, and make a final recommendation to the selecting official, who was the District Director, Richard Rogers. She states that for these types of selections, Mr. Rogers typically just concurs with her recommendations, and she does not remember that anything different happened with this particular selection process (Exhibit F3).

Ms. Wilson states she does not remember specifically who was selected through this vacancy, but they were bringing on a lot of Detention Enforcement Officers at that time. She states the process for this type of a selection would be that Personnel generates a list of qualified applicants, the applicants are contacted and interviewed, using the same set of job-related questions for each candidate, and the interviewing officials determine whether each candidate if recommended or highly recommended. Ms. Wilson states she would start with those highly recommended and include them for selection

recommendation, and further break down the candidates who were recommended (but not highly) by discussing them with the interviewing officials and reviewing applications. She states the Complainant must have been recommended and not highly recommended because if he had been highly recommended he would likely have been selected (Exhibit F3).

Ms. Wilson states she does not recall the objective criteria for the position at issue, and she does not recall the qualifications of any of the candidates, including the Complainant. She states that based on her cursory review of the applications and the recommendations of the interviewing officials, she is confident that the best qualified candidates were selected through this process. She states she has no reason to believe Mr. Roldan or Ms. Lopez would have considered race, national origin, sex, or religion as they made recommendations following interviews. Ms. Wilson states that she would think the Complainant was either white or Hispanic based on his name, but could not tell his national origin or his religion (Exhibit F2).

In response to the Complainant's affidavit, Ms. Wilson states that many of the Detention Enforcement Officers did come from BOP backgrounds. She states that, based on the Complainant's description of his education, training, and experience, his qualifications were unusually high for someone applying for the type of position being filled, but she does not know who the selectees were, against whom the Complainant was comparing himself. She states she does not know why he would not have been considered a top candidate in a group selection, but if he had been highly recommended by the interviewing officials, his name would definitely have been sent up for selection. Ms. Wilson denies ever make selection recommendations based on an attempt to ensure a fair representation of certain groups within the agency. She states she only considers job-related factors and expects the interviewing officials to do the same (Exhibit F3).

Mr. Roldan denies he discriminated against the Complainant in this selection because of his race, national origin, sex, or religion. He states he participated in just one day of interviews during this process, as he filled in for another interviewer, and that Ms. Lopez participated with him and was the lead interviewer for this selection process. He states he made a recommendation of highly recommended for the Complainant to the best of his recollection (Exhibit F4).

Mr. Roldan states he does not know who was selected through this process. He states he does not know how much weight his interviews or recommendations carried in this process, and he never received any feedback on those he interviewed, or of who was selected. He states he does not know how Ms. Wilson or anyone else broke down the candidates or upon what they based the final recommendations (Exhibit F4).

Mr. Roldan states the Complainant's college education stood out in his mind, as well as his training, which were both above and beyond expectations for an entry level Detention Enforcement Officer. He states the Complainant was the best educated candidate he interviewed that day, and that the Complainant's training and education gave him a significant advantage over the other candidates (Exhibit F4).

Mr. Roldan states the agency does have a quota program, and that as a former manager, he was aware of agency goals of this nature. He states that in meeting agency goals pertaining to minority hiring, a white male is at a disadvantage when competing with minority candidates. Ms. Roldan states that, prior to when Mr. Kovensky came in as Ms. Wilson's supervisor, it appeared to him that Ms. Wilson selected a disproportionate number of blacks to positions than were represented by the area population. He adds that he is not aware of the pools of candidates from which she had to select, but that was the observation of other employees (Exhibit F4).

Ms. Lopez denies she discriminated against the Complainant in this selection process because of his sex, race, national origin, or religion. She states she was the lead interviewer in this selection process, and that she interviewed with Benjamin Valverde, but that Mr. Roldan sat in on interviews during one day that Mr. Valverde was not present. She states that Ms. Wilson and Mr. Kovensky were the final recommending officials to the best of her knowledge (Exhibit F5).

Ms. Lopez states she does not specifically remember the Complainant among the candidates she interviewed. She states there about 10 individuals hired through this process as she remembered, and she did not recall who specifically was selected. She states she received a list of candidates from Personnel, and a set of job-related questions from Ms. Wilson, then indicated either recommended or highly recommended for each candidate (Exhibit F5).

Ms. Lopez states she was specifically instructed not to consider factors such as race, sex, national origin, and religion when interviewing and making recommendations. She states she has no reason to believe these were factors for anyone at any stage of the selection process (Exhibit F5).

In response to the Complainant's affidavit, Ms. Lopez states that on paper alone, most candidates did not have the kind of experience described by the Complainant as having himself. She states she does not recall his interview or his qualifications, but based on his own description of his qualifications and experience, she would likely have rated him highly recommended. She states there may have been other factors which may have led to a lowering of the rating to just recommended, but she does not know if that was the case. She states it has never appeared to her that Ms. Wilson's selections have been based on what groups are desired for the agency, and she had no reason to believe Ms. Wilson considered anything other than qualifications and abilities (Exhibit F5).

In response to Management's affidavits, Complainant states he has no reason to believe Mr. Roldan has been involved in any discrimination against him. He states he does not believe Ms. Wilson put out the kind of effort she described in her affidavit to ensure the best candidates were selected. He states it appears there is a flaw in the process, either in the evaluation system or the recommendation process, and a disregard on the part of Ms. Wilson to act on the recommendations of the interviewing officials. He states he has difficulty believing that Ms. Lopez would not have remembered his application since his qualifications were so far beyond what was required and likely very far above those of other candidates (Exhibit F2).

## V.   SURVEY OF THE GENERAL ENVIRONMENT

An organizational chart showing the relationships of the affiants, and a workforce profile summary for the L.A. District Detention and Deportation Branch, are located at Exhibits F1a-b. Except for information pertaining to organizational charts and workforce profiles, the agency did not provide any documents to accompany the case, including a Merit Promotion or selection package, applications or information about the selectees or the Complainant, vacancy announcement and selection documentation, interviewing or evaluation documents, rules or regulations pertaining to the selection at issue, or comparative data showing selections made by the same selecting officials. Investigator's memoranda pertaining to the missing information are located at Exhibits F6-8. The Investigator's document request, with fax verification, and response from the EEO Specialist at the L.A. District Office are located at Exhibit F9.

22

## INDEX

**TAB A:**    **FORMAL COMPLAINT DATA (Source: EEO Case File)**

Exhibit A1: Formal Complaint of Discrimination of Frank Joseph Carderella, dated 2 April 1997.

Exhibit A2: Notice of Receipt of Discrimination Complaint, dated 24 April 1997.

**TAB B:**    **COUNSELING DATA (Source: EEO Case File)**

Exhibit B1: EEO Counselor's Report of Jeffrey P. Siegel, dated 27 January 1997.

Exhibit B2: Other documents generated in the informal EEO process, variously dated.

**TAB C:**    **DELINEATION OF THE ISSUES (Source: EEO Case File)**

Exhibit C1: Letter of Acceptance of the complaint, dated 19 May 1998.

Exhibit C2: Investigator's Letter of Authority, dated 24 August 1998.

**TAB D:**    **DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION**

**TAB E:**    **DOCUMENTATION OF APPELLATE ACTIVITY**

**TAB F:**    **EVIDENCE AND DOCUMENTS**

Exhibit F1: Organizational Charts:

    (a)   Organizational Chart showing relationships of the affiants, as of 31 March 1997.

    (b)   Workforce Profile summary of the Detention and Deportation Branch of the L.A. District, as of 31 March 1997.

Exhibit F2: Affidavit of Frank Carderella (White, Italian, male, Catholic), Deportation Officer, GS-1801-11, San Pedro Processing Center, Los Angeles District, Western Region, INS, Department of Justice, dated 16 September 1998, with addendum dated 23 September 1998.

Exhibit F3: Affidavit of Beverly K. Wilson (Black, U.S. national origin, female, Non-denominational), District Adjudications Officer, GS-12, Citizenship Program, Los Angeles District Office, Western Region, INS, DOJ, dated 22 September 1998.

Exhibit F4: Affidavit of Rafael E. Roldan (Hispanic, Carribean/South American national origin, male, Roman Catholic), Deportation Officer, GS-1801-12, Detention and Deportation Branch, Riverside Sub-Office, Los Angeles District, Western Region, INS, DOJ, dated 21 September 1998.

Exhibit F5: Affidavit of Denise L. Weaver-Lopez (Black, U.S. national origin, Non-denominational), Deportation Officer, GS-1801-12, Detention and Deportation Branch, Los Angeles District Office, Western Region, INS, DOJ, dated 23 September 1998.

Exhibit F6: Investigator's memorandum pertaining to selection information, dated 18 November 1998.

Exhibit F7: Investigator's memorandum pertaining to comparative data, dated 18 November 1998.

Exhibit F8: Investigator's memorandum pertaining to rules, regulations, and Affirmative Action Plan, dated 18 November 1998.

Exhibit F9: Investigator's document request, with fax verification, dated 3 September 1998, and response by EEO Specialist Marshall Carr of the L.A. District Office, fax dated November 17 1998.


TAB G:        MISCELLANEOUS MATERIAL

EXHIBIT D

**U.S. Department of Justice**

Immigration and Naturalization Service

HQ 60/8

---

425 I Street NW
Washington, DC 20536

DEC 2 9 1998

Mr. Frank J. Carderella
3651 Gardenia Avenue
Long Beach, CA 90807

Re: Complaint of Discrimination
Filed by: <u>Mr. Frank J. Carderella</u>
Complaint No. <u>I-97-0109</u>

Dear Mr. Carderella:

This is in reference to your EEO Complaint number I-97-0109. I have enclosed a copy of your investigative file. Within 30 calendar days after receipt of this correspondence you have the right to request:

(1)   A hearing by a U. S. Equal Employment Opportunity Commission (EEOC) Administrative Judge who will conduct the hearing and recommend a decision to the Department of Justice, after which a final decision will be rendered by the Complaint Adjudication Officer of the Department of Justice; or

(2)   A final agency decision without a hearing based on the existing complaint file by the Department of Justice, Complaint Adjudication Officer.

25

If you want a hearing or final agency decision without a hearing you must NOTIFY THIS OFFICE WITHIN 30 CALENDAR DAYS OF RECEIPT OF THIS NOTICE; otherwise your complaint will be forwarded to the Complaint Adjudication Officer for issuance of the final agency decision.

Your request for a hearing or a final agency decision without a hearing must be addressed to this office, so that necessary arrangements can be made.

If you are dissatisfied with the final agency decision by the Complaint Adjudication Officer of the Department of Justice (with or without a hearing), you may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 days of receipt of the final agency decision or notice of dismissal. Also, you may submit a brief or statement to support your appeal to OFO within 30 days after filing the notice of appeal. If you are represented by an attorney then the 30 days time frame shall be calculated from the receipt of the required document by your attorney.

Any appeal to the EEOC should be addressed to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. At the same time of your appeal to EEOC, you must furnish a copy of the appeal and any supporting brief or statement to this office at the following address:

> Director, Office of EEO, Room 1122
> Immigration and Naturalization Service
> 425 I Street, N.W.
> Washington, D.C. 20536

Instead of an appeal to the EEOC you may file a civil action in a proper federal district court within 90 calendar days after receiving the final agency decision or, if the agency has not issued a final decision on your complaint, after 180 calendar days from the date the formal complaint was filed. If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such

circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security. Any such request must be made within the above referenced 90-day time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant. Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled. The head of the Department of Justice is Janet Reno, Attorney General.

If you decide to appeal to the EEOC Office of Federal Operations, you will still have an opportunity to file a civil action in a federal district court within 90 calendar days after receiving the EEOC's final decision, or 180 calendar days after the date of your initial appeal to the Commission if the EEOC has not rendered a final decision.

In addition, if the Complaint Adjudication Officer of the Department of Justice has not issued a final decision on your complaint within 180 days of the date it was filed with the Service, you may file a civil action in an appropriate U.S.District Court. **However, the filing of a civil action terminates the administrative processing of your complaint.**

If you need any additional information or have any questions please contact the Discrimination Complaints Staff on (202) 514-2732.

Sincerely,

D. Diane Weaver
Acting Director
Office of EEO

27

■ Complete items 1 and/or 2 for additional services.
■ Complete items 3, 4a, and 4b.
■ Print your name and address on the reverse of this form so that we can return this card to you.
■ Attach this form to the front of the mailpiece, or on the back if space does not permit.
■ Write "Return Receipt Requested" on the mailpiece below the article number.
■ The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):

1. ☐ Addressee's Address

2. ☐ Restricted Delivery

Consult postmaster for fee.

| 3. Article Addressed to: | 4a. Article Number |
|---|---|
| D. DIANE WEAVER<br>ACTING DIRECTOR<br>OFFICE OF EQUAL EMPLOYMENT OPPORTUNITY<br>U.S. IMMIGRATION & NATURALIZATION SERVICE<br>425 I STREET N.W. ROOM 2210<br>WASHINGTON D.C. 20536 | Z 295 302 416 |
| | 4b. Service Type |
| | ☐ Registered  ☒ Certified |
| | ☐ Express Mail  ☐ Insured |
| | ☐ Return Receipt for Merchandise  ☐ COD |
| | 7. Date of Delivery  2-1-99 |
| 5. Received By: (Print Name) | 8. Addressee's Address (Only if requested and fee is paid) |
| 6. Signature: (Addressee or Agent)<br>X | |

PS Form 3811, December 1994        102595-97-B-0179        Domestic Return Receipt

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

---

Z 295 302 416

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | |
|---|---|
| Sent to D. DIANE WEAVER - EEO | |
| Street & Number 425 I STREET N.W. Room 2210 | |
| Post Office, State, & ZIP Code WASHINGTON, D.C. 20536 | |
| Postage | $ |
| Certified Fee | $0.33 |
| Special Delivery Fee | $1.40 |
| Restricted Delivery Fee | $0.00 |
| Return Receipt Showing to Whom & Date Delivered | $0.00 |
| Return Receipt Showing to Whom, Date, & Address | $1.25 |
| TOTAL Postage & Fees | $0.00 |
| Postmark or Date | |

PEDRO CA  JUN 27 1999  USPS

PS Form 3800, April 1995

28



Z 295 302 416

US Postal Service
Receipt for Certified Mail
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

Sent to DIANE WEAVER - FED
Street & Number 1725 I STREET NW Room 2210
Post Office, State, & ZIP Code WASHINGTON, DC 20536

| | |
|---|---|
| Postage | $ |
| Certified Fee | $0.33 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | $1.40 |
| Return Receipt Showing to Whom, Date, & Address of Delivery | $0.00 |
| TOTAL Postage & Fees | $1.25 |
| Postmark or Date | $0.00 |

WASHINGTON, DC 20536
JUN 27 1999 USPS

PS Form **3800**, April 1995

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Print your name, address, and ZIP Code in this box •

F. CARDERELLA
3651 GARDENIA AVE
LONG BEACH, CA 90807

29

EXHIBIT E

January 24, 1999


D. Diane Weaver
Acting Director
Office of Equal Employment Opportunity
U.S. Immigration & Naturalization Service
425 I Street, N.W., Room 2210
Washington, D.C. 20536

Re: Complaint of Discrimination (#I-97-0109)


Dear Ms. Weaver:

　　This is to acknowledge your letter of 12/29/98, along with, receipt of my EEO complaint file.  With consideration given to my rights and options that I am afforded during this phase of the EEO process, I am requesting a final agency decision without a hearing, which also includes, a case review by the Department of Justice, Complaint Adjudication Officer.

　　It is my hope that a fair and impartial ruling will be made in resolving this complaint, which will alleviate the need for any further action on my part.  I'm confident that this matter can be resolved to a mutual satisfaction without a great deal of difficulty or embarrassment.

　　Thank you for your time and assistance in this matter.

Sincerely,

Frank J. Carderella

30

P 066 454 532

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| Sent to DIANE WEAVER (DIRECTOR EEO) | |
|---|---|
| Street & Number 425 I STREET N.W. ROOM 1122 | |
| Post Office, State, & ZIP Code WASHINGTON, D.C. 20536 | |
| Postage | $ .32 |
| Certified Fee | 1.00 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | NO |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.52 |
| Postmark or Date | AUG 29 1997 |

PS Form 3800, April 1995



31

**P 066 454 532**

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (See reverse)

| | | |
|---|---|---|
| Sent to DIANE WEAVER (DIRECTOR EEO) | | |
| Street & Number 425 I STREET N.W. ROOM 1122 | | |
| Post Office, State, & ZIP Code WASHINGTON, D.C. 20536 | | |
| Postage | $ | .32 |
| Certified Fee | | 110 |
| Special Delivery Fee | | |
| Restricted Delivery Fee | | |
| Return Receipt Showing to Whom & Date Delivered | | 110 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | | |
| TOTAL Postage & Fees | $ | 252 |
| Postmark or Date | | |

PS Form 3800, April 1995

LONG ... 29 1997



F CASARELLA

EXHIBIT F

LAW OFFICES OF

## GOOD, WILDMAN, HEGNESS & WALLEY

5000 CAMPUS DRIVE

NEWPORT BEACH, CALIFORNIA 92660-2181

(949) 955-1100

GARY ALDO DAPELO ✦
ROBERT W. DYESS, JR. ✦
GREGORY D. FISHER
MARSHA GABLE
PAUL C. HEGNESS ✦
HEIDI STILB LEWIS
NIKKI P. MILIBAND
MICHAEL P. RIDLEY
JOHN A. STILLMAN
THOMAS E. WALLEY ✦

✦A PROFESSIONAL CORPORATION

ROY M. GOOD
(1923-2003)

PAUL W. WILDMAN
(1924-1983)

OF COUNSEL
DOUGLAS M. VICKERY
STEPHEN B. OTTO

FAX (949) 833-0633

December 18, 2007

<u>Via U.S. Certified Mail, Return Receipt Requested</u>

U.S. Immigration and Customs Enforcement
EEO Complaints Program Management Office - Twin Cities
Attn: Judy Maltby, Chief
Federal Building, Room G-56C
1 Federal Drive
Fort Snelling, MN 55111

   Re: Frank Joseph Carderella
     <u>Complaint No. I-97-0109</u>

Dear Ms. Maltby:

   This firm represents Mr. Frank Joseph Carderella and, in connection with that representation, we are writing to you concerning a situation that has been pending for many years and which seems to have somehow fallen through the cracks in your system.

   On or about September 15, 1996, Mr. Carderella applied and was not selected for the position of Detention Enforcement Officer, GS-7, in Los Angeles, California.   Mr. Carderella filed a timely complaint alleging an act of discrimination and on or about December 29, 1998, a letter was sent to Mr. Carderella by D. Diane Weaver, Acting Director, Office of EEO, United States Department of Justice, Immigration and Naturalization Service, 425 I Street, N.W., Washington, DC 20536.

   In that letter, which references Complaint No. I-97-0109, Ms. Weaver advised Mr. Carderella that he had 30 days after receipt of the letter to request either a hearing by a U.S. Equal Employment Opportunity Commission Administrative Judge or a final agency decision without a hearing, based on the existing complaint file, by the Department of Justice, Complaint Adjudication Officer.  Included with her letter was a copy of the investigative file.   On January 24, 1999, Mr. Carderella  sent a letter to Ms. Weaver in which he acknowledged her letter of December 29, 1998 and the EEO Complaint File and further requested a final agency decision

U.S. Immigration and Customs Enforcement
EEO Complaints Program Management Office - Twin Cities
Attn: Judy Maltby, Chief
December 18, 2007\Page Two

without a hearing which would include a case review by the Department of Justice, Complaint Adjudication Officer. No response was ever received by Mr. Carderella with regard to his January 24, 1999 letter. (A copy of the letter to Ms. Weaver dated January 24, 1999, along with the Proof of Mailing and Receipt of that letter is enclosed).

During a meeting in 2005 with one or more representatives of Immigration and Customs Enforcement concerning another matter, Mr. Carderella inquired as to the status of his 1999 letter. Mr. Carderella was advised that they would look into it and would get back to him. No response to this inquiry was ever provided.

In 2006, Mr. Carderella wrote a letter to his congressional representative, the Honorable Dana Rohrabacher, concerning this issue and August 16, 2006, Mr. Rohrabacher received a letter from one Karyn V. Lang, a Director at U.S. Immigration and Customs Enforcement, in which she indicated that a careful review of the records failed to locate any "substantial documentation" concerning Complaint No. I-97-0109. The letter further stated that Mr. Carderella could direct any documentation concerning that complaint for further review to "ICE-EEO" at Fort Snelling, Minnesota.

In his behalf, we are inquiring as to the status of Complaint No. I-97-0109 which is apparently still open, but lost somewhere in your system. We are anxious to get a decision and thus would request that you respond to us within two weeks of this letter. We shall await your reply.

Very truly yours,

John A. Stillman

JAS\lc
Enclosures

ltr\Carderella\ISICEMaltbyJudy12Dec07..wpd

34



**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Immigration and Customs
Enforcement
EDO Complaints Program Management
Office - Twin Cities
Attn: Judy Maltby, Chief
Federal Building, Room G-56C
1 Federal Drive
Fort Snelling, MN 55111

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
Jess Lan                          12-21-07

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:          ☐ No

DEC 21 2007

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered      ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7006 8100 0005 0510 1414

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

# U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ 58 | |
| Certified Fee | 2.15 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 2.65 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ 5.38 | |

Sent To US Immigration + Customs Enforcement
Street, Apt. No.; EDO Complaints Prog Managent Ofc
or PO Box No. Twin Cities Attn Judy Maltby (Chief)
City, State, ZIP+4 Fed Bldg Rm G56C
1 Federal Dr. Fort Snelling, MN 55111

PS Form 3800, June 2002          See Reverse for Instructions

35



**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

John A. Stillman, Esq.
GOOD, WILDMAN, HEGNESS & WALLEY
5000 Campus Drive
Newport Beach, CA 92660-2181



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | 58 |
| Certified Fee | | 2.15 |
| Return Receipt Fee (Endorsement Required) | | 2.65 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.38 |

Postmark
Here

Sent To  US Immigration + Custom Enforcement
Street, Apt. No.  2800 Complaints 2800 Manager's office
or PO Box No.  Twin Cities Attn Siny Me Ity (Clo)
City, State, ZIP+4  Fed Bldg, Rm G 56C
1 Federal Dr, Fort Snelling, MN 55111

PS Form 3800, June 2002          See Reverse for Instructions

36

January 24, 1999


D. Diane Weaver
Acting Director
Office of Equal Employment Opportunity
U.S. Immigration & Naturalization Service
425 I Street, N.W., Room 2210
Washington, D.C. 20536

Re: Complaint of Discrimination (#I-97-0109)


Dear Ms. Weaver:

    This is to acknowledge your letter of 12/29/98, along with, receipt of my EEO complaint file.  With consideration given to my rights and options that I am afforded during this phase of the EEO process, I am requesting a final agency decision without a hearing, which also includes, a case review by the Department of Justice, Complaint Adjudication Officer.

    It is my hope that a fair and impartial ruling will be made in resolving this complaint, which will alleviate the need for any further action on my part.  I'm confident that this matter can be resolved to a mutual satisfaction without a great deal of difficulty or embarrassment.

    Thank you for your time and assistance in this matter.

Sincerely,

Frank J. Carderella

37

P 066 454 532

US Postal Service
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail (*See reverse*)

| Sent to | |
|---|---|
| DIANE WEAVER (DIRECTOR EEO | |
| Street & Number | |
| 425 I STREET N.W. ROOM 1122 | |
| Post Office, State, & ZIP Code | |
| WASHINGTON, D.C. 20536 | |
| Postage | $ .32 |
| Certified Fee | 1.10 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.10 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.52 |
| Postmark or Date | |

PS Form 3800, April 1995

AUG 29 1997

---

Is your RETURN ADDRESS completed on the reverse side?

SENDER:

3. Article Addressed to:

DIANE WEAVER
DIRECTOR OF EEO
IMMIGRATION & NATURALIZATION Service
425 I STREET N.W. ROOM 1122
WASHINGTON, D.C. 20536

4a. Article Number
P 066 454 532

4b. Service Type
☐ Registered
☒ Certified
☐ Express Mail
☐ Insured
☐ COD
☐ Return Receipt for Merchandise

7. Date of Delivery
2-4-07

PS Form 3811, December 1994

DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

---

38

P 066 454 532

**US Postal Service**
**Receipt for Certified Mail**
No Insurance Coverage Provided.
Do not use for International Mail *(See reverse)*

| | |
|---|---|
| Sent to DIANE WEAVER (DIRECTOR EEO) | |
| Street & Number 425 I STREET N.W. ROSN 4122 | |
| Post Office, State, & ZIP Code WASHINGTON, DC. 20536 | |
| Postage | $ .32 |
| Certified Fee | 1.10 |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | 1.10 |
| Return Receipt Showing to Whom, Date, & Addressee's Address | |
| TOTAL Postage & Fees | $ 2.52 |
| Postmark or Date AUG 29 1997 | |

PS Form 3800, April 1995



UNITED STATES POSTAL SERVICE

PENALTY FOR PRIVATE
USE TO AVOID PAYMENT
OF POSTAGE $300

Official Business

Print your name, address and ZIP Code here

F CARDERELLA

39

EXHIBIT G



U.S. Department of Homeland Security
1 Federal Drive, Room 241
Ft. Snelling, MN 55111-4007

**U.S. Immigration
and Customs
Enforcement**

August 1, 2008

Mr. John A. Stillman
Law Offices of Good, Wildman, Hegness & Walley
5000 Campus Drive
Newport Beach, California  92660-2181

Dear Mr. Stillman:

This letter is in response to your letter dated March 18, 2008, in you inquired into the status of the formal Equal Employment Opportunity (EEO) complaint filed by your client, Frank Joseph Carderella, against U.S. Department of Justice, legacy Immigration and Naturalization Service, agency case number I-97-0109.

Unfortunately, aside from the letter and supporting documentation you submitted in March 2008, this office has no record of Mr. Carderella's fiscal year 1997 formal EEO complaint.  Thus, as presently constituted, the case file is insufficiently developed for further processing purposes. Accordingly, it is requested that at your earliest convenience, but within 15-calendar days of your receipt of this letter, you submit to this office a copy of the report of investigation generated in your client's claim.   Also, please submit any and all other relevant documentation on file with your office in relation to this matter.  Lastly, we request you provide us with Mr. Carderella's current mailing address, telephone number, and a signed designation of representation form.

All documentation should be submitted to:

> Gerald Rock
> Contract EEO Specialist
> U.S. Immigration and Customs Enforcement
> Office of Equal Employment Opportunity
> Formal Complaint Center
> 1 Federal Drive
> Room 241
> Ft. Snelling, Minnesota 55111-4007

Title 29 Code of Federal Regulations §1614.107(a)(7) provides that the agency shall dismiss an entire complaint where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request.

*40*

Mr. John A. Stillman
Page 2 of 2


Please note if you fail to respond to this letter within the applicable 15-calendar day timeframe, or fail to provide the relevant, requested information, your client's complaint may be dismissed pursuant to the regulation cited.

Thank you in advance for your cooperation.  If you need any additional information or have any questions, please contact Gerald Rock at the Formal Complaint Center at (612) 467-7029, or gerald.rock@dhs.gov.


Sincerely,

Ramona S. Hill
Acting EEO Manager, Formal Complaint Center
Office of Equal Employment Opportunity

41

EXHIBIT H

**FedEx** US Airbill  
Express

**FedEx Tracking Number** 8664 6893 2275

**1 From** Please print and press hard.

Date 8/12/08

Sender's FedEx Account Number

Sender's Name John A. Stillman, Esq.  Phone ( 949 ) 955-1100

Company GOOD WILDMAN HEGNESS & WALLEY

Address 5000 CAMPUS DR

City NEWPORT BEACH   State CA   ZIP 92660

**2 Your Internal Billing Reference**
First 24 characters will appear on invoice.

Carderella    OFFICIAL

**3 To**

Recipient's Name Gerald Rock   Phone ( 612 ) 467-7029

Contract EEO Specialist

Company U.S. Immigration & Customs Enforcement
Office of Equal Employment Opportunity
Formal Complaint Center

Recipient's Address 1 Federal DRive, Room 241

We cannot deliver to P.O. boxes or P.O. ZIP codes.

Dept./Floor/Suite/Room

To request a package be held at a specific FedEx location, print FedEx address here.

City Fort Snelling   State MN   ZIP 55111-4007

0387691798.

**Store your addresses at fedex.com.**
Simplify your shipping. Manage your account. Access all the tools you need.

**4a Express Package Service**   *Packages up to 150 lbs.*

☐ FedEx Priority Overnight   ☐ FedEx First Overnight
☐ FedEx Standard Overnight
☒ FedEx 2Day   ☐ FedEx Express Saver

**4b Express Freight Service**   *Packages over 150 lbs.*

☐ FedEx 1Day Freight   ☐ FedEx 2Day Freight   ☐ FedEx 3Day Freight

**5 Packaging**

☐ FedEx Envelope*   ☐ FedEx Pak*   ☐ FedEx Box   ☐ FedEx Tube   ☐ Other

**6 Special Handling**   Include FedEx address in Section 3.

☐ SATURDAY Delivery   ☐ HOLD Weekday   ☐ HOLD Saturday

Does this shipment contain dangerous goods?
☐ No   ☐ Yes   ☐ Yes   ☐ Dry Ice

**7 Payment** Bill to:
☒ Sender   ☐ Recipient   ☐ Third Party   ☐ Credit Card   ☐ Cash/Check

**8 Residential Delivery Signature Options**

☐ No Signature Required   ☐ Direct Signature   ☐ Indirect Signature

Total Packages   Total Weight   Total Declared Value $ .00

**Sender's Copy**

PULL AND RETAIN THIS COPY BEFORE AFFIXING TO THE PACKAGE. NO POUCH NEEDED.

42

LAW OFFICES OF

## GOOD, WILDMAN, HEGNESS & WALLEY

5000 CAMPUS DRIVE

NEWPORT BEACH, CALIFORNIA 92660-2181

(949) 955-1100

GARY ALDO DAPELO ∗
ROBERT W. DYESS, JR. ∗
GREGORY D. FISHER
MARSHA GABLE
PAUL C. HEGNESS ∗
HEIDI STILB LEWIS
NIKKI P. MILIBAND
MICHAEL A. STILLMAN
JOHN A. STILLMAN
THOMAS E. WALLEY ∗

∗A PROFESSIONAL CORPORATION

ROY M. GOOD
(1923-2003)

PAUL W. WILDMAN
(1924-1983)

OF COUNSEL
DOUGLAS M. VICKERY
STEPHEN B. OTTO

FAX (949) 833-0633

August 12, 2008

<u>Via Federal Express</u>

Gerald Rock, Contract EEO Specialist
U.S. Immigration and Customs Enforcement
Office of Equal Employment Opportunity
Formal Complaint Center
1 Federal Drive, Room 241
Fort Snelling, Minnesota 55111-4007

Re:   <u>Frank Carderella v. U.S. Department of Justice, legacy Immigration and</u>
<u>Naturalization Service, Agency Case No. I-97-0109</u>

Dear Mr. Rock:

Pursuant to the request in the letter from Ramona S. Hill, Acting EEO Manager, Formal
Complaint Center, Office of Equal Employment Opportunity dated August 1, 2008 (a copy of
which is attached for your reference), enclosed please find the following documents:

1.   Frank Carderella's Letter of Representation, which contains his original signature
and his current address and telephone number;

2.   A copy of the Report of Investigation; and,

3.   Miscellaneous Documents, many of which have already been sent to your office.

We look forward to hearing from you.

Very truly yours,

John A. Stillman

JAS\lc
Enclosures
Carderella\RockGerald12Aug08.wpd

43



U.S. Department of Homeland Security
1 Federal Drive, Room 241
Ft. Snelling, MN 55111-4007

**U.S. Immigration
and Customs
Enforcement**

August 1, 2008

Mr. John A. Stillman
Law Offices of Good, Wildman, Hegness & Walley
5000 Campus Drive
Newport Beach, California 92660-2181

Dear Mr. Stillman:

This letter is in response to your letter dated March 18, 2008, in you inquired into the status of the formal Equal Employment Opportunity (EEO) complaint filed by your client, Frank Joseph Carderella, against U.S. Department of Justice, legacy Immigration and Naturalization Service, agency case number I-97-0109.

Unfortunately, aside from the letter and supporting documentation you submitted in March 2008, this office has no record of Mr. Carderella's fiscal year 1997 formal EEO complaint. Thus, as presently constituted, the case file is insufficiently developed for further processing purposes. Accordingly, it is requested that at your earliest convenience, but within 15-calendar days of your receipt of this letter, you submit to this office a copy of the report of investigation generated in your client's claim. Also, please submit any and all other relevant documentation on file with your office in relation to this matter. Lastly, we request you provide us with Mr. Carderella's current mailing address, telephone number, and a signed designation of representation form.

All documentation should be submitted to:

> Gerald Rock
> Contract EEO Specialist
> U.S. Immigration and Customs Enforcement
> Office of Equal Employment Opportunity
> Formal Complaint Center
> 1 Federal Drive
> Room 241
> Ft. Snelling, Minnesota 55111-4007

Title 29 Code of Federal Regulations §1614.107(a)(7) provides that the agency shall dismiss an entire complaint where the agency has provided the complainant with a written request to provide relevant information or otherwise proceed with the complaint, and the complainant has failed to respond to the request within 15 days of its receipt, or the complainant's response does not address the agency's request.

*44*

Mr. John A. Stillman
Page 2 of 2


Please note if you fail to respond to this letter within the applicable 15-calendar day timeframe, or fail to provide the relevant, requested information, your client's complaint may be dismissed pursuant to the regulation cited.

Thank you in advance for your cooperation.  If you need any additional information or have any questions, please contact Gerald Rock at the Formal Complaint Center at (612) 467-7029, or gerald.rock@dhs.gov.


Sincerely,

Ramona S. Hill
Acting EEO Manager, Formal Complaint Center
Office of Equal Employment Opportunity

45

Frank Carderella
1038 Palo Verde Avenue
Long Beach, CA 90815
(562) 493-1811


Gerald Rock
Contract EEO Specialist
U.S. Immigration and Customs Enforcement
Office of Equal Employment Opportunity
Formal Complaint Center
1 Federal Drive
Room 241
Fort Snelling, Minnesota 55111-4007

Dear Mr. Rock:

Please be advised that John Stillman and his firm, Good, Wildman, Hegness & Walley, are my attorneys and are entitled to act on my behalf in connection with agency case number I-97-0109.

Also pursuant to your request, please see my current address and phone number above.

Dated: _8/7/08_                                           _____
                                                          Frank Carderella

46

FedEx | Track

Español | Customer Support | FedEx Locations   Search [ ]   [ Go » ]

**FedEx** ®

| Package/Envelope | Freight | Expedited | Office/Print Services ✳ |

Ship ▸    Track ▸    Manage ▸    Business Solutions ▸

Track Shipments/FedEx Kinko's Orders      🖶 Printable Version   ❓ Quick Help
## Detailed Results

|  |  |  |  |
|---|---|---|---|
| Tracking number | 866468932275 | Reference | **Wrong Address?** |
| Signed for by | K.BARGE | Delivered to | Reduce future mistakes by using |
| Ship date | Aug 12, 2008 | Service type | FedEx Address Checker. |
| Delivery date | Aug 13, 2008 10:03 AM | Weight | |

CARDERELLA
Receptionist/Front Desk
Priority Pak
2.0 lbs.

*Tracking a FedEx SmartPost Shipment?*
Go to shipper login

| Status | Delivered |

| Signature image available | Yes |


Find locations even easier.

| Date/Time | | Activity | Location | Details |
|---|---|---|---|---|
| Aug 13, 2008 | 10:03 AM | Delivered | | |
| | 7:26 AM | On FedEx vehicle for delivery | MINNEAPOLIS, MN | |
| | 6:58 AM | At local FedEx facility | MINNEAPOLIS, MN | |
| | 5:58 AM | At dest sort facility | MINNEAPOLIS, MN | |
| | 3:50 AM | Departed FedEx location | MEMPHIS, TN | |
| | 1:04 AM | Arrived at FedEx location | MEMPHIS, TN | |
| Aug 12, 2008 | 6:29 PM | Left FedEx origin facility | IRVINE, CA | |
| | 5:42 PM | Picked up | NEWPORT BEACH, CA | |

[ Signature proof ]   [ E-mail results ]   [ Track more shipments/orders ]

*Subscribe to tracking updates (optional)*

Your name: [_____]      Your e-mail address: [_____]

| E-mail address | Language | Exception updates | Delivery updates |
|---|---|---|---|
| [_____] | English ▾ | ☐ | ☑ |
| [_____] | English ▾ | ☐ | ☑ |
| [_____] | English ▾ | ☐ | ☑ |
| [_____] | English ▾ | ☐ | ☑ |

Select format: ◉ HTML  ○ Text  ○ Wireless
Add personal message: [_____]
Not available for Wireless or non-English characters.

☑ By selecting this check box and the Submit button, I agree to these Terms and Conditions      [ Submit ]

Global Home | FedEx Mobile | Service Info | About FedEx | Investor Relations | Careers | fedex.com Terms of Use | Privacy Policy | Site Map
This site is protected by copyright and trademark laws under US and International law. All rights reserved. © 1995-2008 FedEx

*41*

FINAL COPY

# COMPLAINT FILE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Frank Joseph Carderella
3651 Gardenia Avenue
Long Beach, CA  90807

COMPLAINANT

Janet Reno
U.S. Attorney General
Department of Justice
Room 5111,  Main Justice Building
10th and Constitution Avenue, N.W.
Washington,  D.C.  20530

AGENCY

Immigration and Naturalization Service
Washington,  D.C.  20536

BUREAU

Agency Case Number
I-97-0109

48

## U.S. DEPARTMENT OF JUSTICE
### IMMIGRATION AND NATURALIZATION SERVICE

## REPORT OF INVESTIGATION

### I.    DESCRIPTION OF COMPLAINT

| | |
|---|---|
| Name of Complainant: | Frank Carderella<br>Case #I-97-0109 |
| Title and Grade of<br>Complainant's Position: | Immigration Inspector<br>GS-9 |
| Name and Location of Agency<br>and Unit involved in Complaint: | L.A. District Office<br>300 No. Los Angeles St.,<br>Los Angeles, CA 90012 |
| Dates of Alleged Discrimination: | 15 September 1996 |
| Kind of Discrimination Alleged: | race, religion, sex, national origin |
| Nature of Action, Decision, or<br>Condition Giving Rise to Complaint: | Non-selection |

### II.   DESCRIPTION OF INVESTIGATION

| | |
|---|---|
| Identity of Investigator: | David S. Buxton<br>Delany, Siegel, Zorn & Associates,<br>Inc.<br>455 West Broadway<br>Boston, MA  02127 |
| Date Report of Investigation<br>Submitted to Agency: | DEC 1 4 1998 |
| Place of Investigation: | Los Angeles, CA |
| Dates of Investigation: | 24 August 1998 |
| Method of Investigation: | On Site Interviews |

DEC 2 2 1998

98-1876

### III.  DESCRIPTION OF BASES AND ISSUES IN COMPLAINT

Complainant alleges that he was discriminated against on the bases of his race (White), religion (Catholic), sex (male), and national origin (Italian) when, on 15 September 1996, he was not selected for the position of Detention Enforcement Officer, GS-7, in Los Angeles, CA.

### IV.   SUMMARY

Complainant states that, at the time of the selection at issue, he was working as a GS-7 or higher Immigration Inspector, stationed in San Ysidro, California.  He states he was willing to take the entry level GS-5/7 Detention Enforcement Officer position in Los Angeles because he lived in Los Angeles and was commuting to San Diego to work (Exhibit F2).

Complainant states he applied for the position at issue in November 1995, and received a telephonic interview in May 1996 with Rafael Roldan (Hispanic, Carribean/South American national origin, male, Roman Catholic), Deportation Officer, GS-1801-12, Detention and Deportation Branch, L.A. District, and with Denise Lopez (Black, U.S. national origin, female, Non-denominational), Deportation Officer, GS-1801-12, Detention and Deportation Branch, L.A. District. Complainant states the interview consisted of only job and performance related questions. He states that he believes Mr. Roldan and Ms. Lopez recommended him for selection, but the selecting official, Beverly Wilson (Black, U.S. national origin, female, Non-denominational), Deputy Assistant District Director for Detention and Deportation, GS-14, L.A. District Office, did not concur with their recommendation and did not select him (Exhibit F2).

Complainant states he believes there were about 25 selectees through this vacancy announcement, but he does not know who specifically was selected through this announcement. He states he does not know the specific qualifications of any of the selectees, but he believes many of the selectees had come from GS-5/6/7 Correctional Officer positions from the Bureau of Prisons (BOP) (Exhibit F2).

Complainant states he does not know he was necessarily better qualified than all the selectees, but he states his experience consisted of BOP work as a Correctional Officer, and working up to the GS-11 grade as a Case Manager, experience with the BOP Special Response Team, a Master of Science in Criminal Justice, a bachelor's degree in Physical Education with a minor in Athletic Training, and fluency in Spanish and Italian. He states he was also an Immigration Inspector with the INS, and was finishing up his academy training at the time he was interviewing for the position at issue. He states that he was overqualified for the entry level position for which he was competing, and he does not believe those selected, whomever they may have been, likely had the same level of education, training, and experience. He states he does not believe a fair assessment of his qualifications and abilities was made (Exhibit F2).

Complainant states he cannot say for certain that his sex, race, national origin, and religion were motivating factors, because he does not know the selectees, but it appears to him that different groups of selectees are chosen based on the needs of the organization to maintain an equitable representation of various groups among their personnel, rather than making selections based on qualifications. He states that based on his name, Ms. Wilson could have inferred that he was Italian, and since most Italians are Catholic, she could have made that assumption as well, but he has no direct contact with Ms. Wilson and has never heard nor seen anything which would directly lead him to believe she discriminates against people because of race, sex, national origin, or religion (Exhibit F2).

Ms. Wilson denies that race, sex, national origin, or religion were considerations in the selection process, relative to the Complainant or anyone else. She states her role in this selection was to review the recommendations made by the interviewing officials, and make a final recommendation to the selecting official, who was the District Director, Richard Rogers. She states that for these types of selections, Mr. Rogers typically just concurs with her recommendations, and she does not remember that anything different happened with this particular selection process (Exhibit F3).

Ms. Wilson states she does not remember specifically who was selected through this vacancy, but they were bringing on a lot of Detention Enforcement Officers at that time. She states the process for this type of a selection would be that Personnel generates a list of qualified applicants, the applicants are contacted and interviewed, using the same set of job-related questions for each candidate, and the interviewing officials determine whether each candidate if recommended or highly recommended. Ms. Wilson states she would start with those highly recommended and include them for selection

recommendation, and further break down the candidates who were recommended (but not highly) by discussing them with the interviewing officials and reviewing applications. She states the Complainant must have been recommended and not highly recommended because if he had been highly recommended he would likely have been selected (Exhibit F3).

Ms. Wilson states she does not recall the objective criteria for the position at issue, and she does not recall the qualifications of any of the candidates, including the Complainant. She states that based on her cursory review of the applications and the recommendations of the interviewing officials, she is confident that the best qualified candidates were selected through this process. She states she has no reason to believe Mr. Roldan or Ms. Lopez would have considered race, national origin, sex, or religion as they made recommendations following interviews. Ms. Wilson states that she would think the Complainant was either white or Hispanic based on his name, but could not tell his national origin or his religion (Exhibit F2).

In response to the Complainant's affidavit, Ms. Wilson states that many of the Detention Enforcement Officers did come from BOP backgrounds. She states that, based on the Complainant's description of his education, training, and experience, his qualifications were unusually high for someone applying for the type of position being filled, but she does not know who the selectees were, against whom the Complainant was comparing himself. She states she does not know why he would not have been considered a top candidate in a group selection, but if he had been highly recommended by the interviewing officials, his name would definitely have been sent up for selection. Ms. Wilson denies ever make selection recommendations based on an attempt to ensure a fair representation of certain groups within the agency. She states she only considers job-related factors and expects the interviewing officials to do the same (Exhibit F3).

Mr. Roldan denies he discriminated against the Complainant in this selection because of his race, national origin, sex, or religion. He states he participated in just one day of interviews during this process, as he filled in for another interviewer, and that Ms. Lopez participated with him and was the lead interviewer for this selection process. He states he made a recommendation of highly recommended for the Complainant to the best of his recollection (Exhibit F4).

Mr. Roldan states he does not know who was selected through this process. He states he does not know how much weight his interviews or recommendations carried in this process, and he never received any feedback on those he interviewed, or of who was selected. He states he does not know how Ms. Wilson or anyone else broke down the candidates or upon what they based the final recommendations (Exhibit F4).

Mr. Roldan states the Complainant's college education stood out in his mind, as well as his training, which were both above and beyond expectations for an entry level Detention Enforcement Officer. He states the Complainant was the best educated candidate he interviewed that day, and that the Complainant's training and education gave him a significant advantage over the other candidates (Exhibit F4).

Mr. Roldan states the agency does have a quota program, and that as a former manager, he was aware of agency goals of this nature. He states that in meeting agency goals pertaining to minority hiring, a white male is at a disadvantage when competing with minority candidates. Ms. Roldan states that, prior to when Mr. Kovensky came in as Ms. Wilson's supervisor, it appeared to him that Ms. Wilson selected a disproportionate number of blacks to positions than were represented by the area population. He adds that he is not aware of the pools of candidates from which she had to select, but that was the observation of other employees (Exhibit F4).

Ms. Lopez denies she discriminated against the Complainant in this selection process because of his sex, race, national origin, or religion. She states she was the lead interviewer in this selection process, and that she interviewed with Benjamin Valverde, but that Mr. Roldan sat in on interviews during one day that Mr. Valverde was not present. She states that Ms. Wilson and Mr. Kovensky were the final recommending officials to the best of her knowledge (Exhibit F5).

Ms. Lopez states she does not specifically remember the Complainant among the candidates she interviewed. She states there about 10 individuals hired through this process as she remembered, and she did not recall who specifically was selected. She states she received a list of candidates from Personnel, and a set of job-related questions from Ms. Wilson, then indicated either recommended or highly recommended for each candidate (Exhibit F5).

Ms. Lopez states she was specifically instructed not to consider factors such as race, sex, national origin, and religion when interviewing and making recommendations. She states she has no reason to believe these were factors for anyone at any stage of the selection process (Exhibit F5).

In response to the Complainant's affidavit, Ms. Lopez states that on paper alone, most candidates did not have the kind of experience described by the Complainant as having himself. She states she does not recall his interview or his qualifications, but based on his own description of his qualifications and experience, she would likely have rated him highly recommended. She states there may have been other factors which may have led to a lowering of the rating to just recommended, but she does not know if that was the case. She states it has never appeared to her that Ms. Wilson's selections have been based on what groups are desired for the agency, and she had no reason to believe Ms. Wilson considered anything other than qualifications and abilities (Exhibit F5).

In response to Management's affidavits, Complainant states he has no reason to believe Mr. Roldan has been involved in any discrimination against him. He states he does not believe Ms. Wilson put out the kind of effort she described in her affidavit to ensure the best candidates were selected. He states it appears there is a flaw in the process, either in the evaluation system or the recommendation process, and a disregard on the part of Ms. Wilson to act on the recommendations of the interviewing officials. He states he has difficulty believing that Ms. Lopez would not have remembered his application since his qualifications were so far beyond what was required and likely very far above those of other candidates (Exhibit F2).

## V.   SURVEY OF THE GENERAL ENVIRONMENT

An organizational chart showing the relationships of the affiants, and a workforce profile summary for the L.A. District Detention and Deportation Branch, are located at Exhibits F1a-b. Except for information pertaining to organizational charts and workforce profiles, the agency did not provide any documents to accompany the case, including a Merit Promotion or selection package, applications or information about the selectees or the Complainant, vacancy announcement and selection documentation, interviewing or evaluation documents, rules or regulations pertaining to the selection at issue, or comparative data showing selections made by the same selecting officials. Investigator's memoranda pertaining to the missing information are located at Exhibits F6-8. The Investigator's document request, with fax verification, and response from the EEO Specialist at the L.A. District Office are located at Exhibit F9.

## INDEX

**TAB A:**       **FORMAL COMPLAINT DATA (Source: EEO Case File)**

Exhibit A1: Formal Complaint of Discrimination of Frank Joseph Carderella, dated 2 April 1997.

Exhibit A2: Notice of Receipt of Discrimination Complaint, dated 24 April 1997.

**TAB B:**       **COUNSELING DATA (Source: EEO Case File)**

Exhibit B1: EEO Counselor's Report of Jeffrey P. Siegel, dated 27 January 1997.

Exhibit B2: Other documents generated in the informal EEO process, variously dated.

**TAB C:**       **DELINEATION OF THE ISSUES (Source: EEO Case File)**

Exhibit C1: Letter of Acceptance of the complaint, dated 19 May 1998.

Exhibit C2: Investigator's Letter of Authority, dated 24 August 1998.

**TAB D:**       **DOCUMENTATION OF ATTEMPTS AT INFORMAL RESOLUTION**

**TAB E:**       **DOCUMENTATION OF APPELLATE ACTIVITY**

**TAB F:**       **EVIDENCE AND DOCUMENTS**

Exhibit F1: Organizational Charts:

(a)   Organizational Chart showing relationships of the affiants, as of 31 March 1997.

(b)   Workforce Profile summary of the Detention and Deportation Branch of the L.A. District, as of 31 March 1997.

Exhibit F2: Affidavit of Frank Carderella (White, Italian, male, Catholic), Deportation Officer, GS-1801-11, San Pedro Processing Center, Los Angeles District, Western Region, INS, Department of Justice, dated 16 September 1998, with addendum dated 23 September 1998.

Exhibit F3: Affidavit of Beverly K. Wilson (Black, U.S. national origin, female, Non-denominational), District Adjudications Officer, GS-12, Citizenship Program, Los Angeles District Office, Western Region, INS, DOJ, dated 22 September 1998.

Exhibit F4: Affidavit of Rafael E. Roldan (Hispanic, Carribean/South American national origin, male, Roman Catholic), Deportation Officer, GS-1801-12, Detention and Deportation Branch, Riverside Sub-Office, Los Angeles District, Western Region, INS, DOJ, dated 21 September 1998.

**Exhibit F5:** Affidavit of Denise L. Weaver-Lopez (Black, U.S. national origin, Non-denominational), Deportation Officer, GS-1801-12, Detention and Deportation Branch, Los Angeles District Office, Western Region, INS, DOJ, dated 23 September 1998.

**Exhibit F6:** Investigator's memorandum pertaining to selection information, dated 18 November 1998.

**Exhibit F7:** Investigator's memorandum pertaining to comparative data, dated 18 November 1998.

**Exhibit F8:** Investigator's memorandum pertaining to rules, regulations, and Affirmative Action Plan, dated 18 November 1998.

**Exhibit F9:** Investigator's document request, with fax verification, dated 3 September 1998, and response by EEO Specialist Marshall Carr of the L.A. District Office, fax dated November 17 1998.


**TAB G:      MISCELLANEOUS MATERIAL**