EXHIBIT A

U.S. Department of Justice

Complaint

(See Instructions on ...)

PRIVACY ACT STATEMENT: 1. AUTHORITY--The authority to collect this information is derived from 42 U.S.C. Section 2000e-16; 29 CFR Section 1614.106 and 1614.105. 2. PURPOSE AND USE--This information will be used to document the issues and allegations of a complaint of discrimination based on race, color, religion, sex, age, handicap, or national origin. The signed complaint will serve as the record necessary to initiate an

investigation and will become part of the complaint file during the investigation, hearing, if any, adjudication, and appeal, if any, to the Equal Employment Opportunity Commission. 3. EFFECTS OF NON-DISCLOSURE--Submission of this information is MANDATORY. Failure to furnish this information will result in the complaint being returned without action.

**1. Complainant's Full Name**

FRANK JOSEPH CARDERELLA

**Street Address, RD Number, or Post Office Box Number**

3651 GARDENIA AVE

**City, State and Zip Code**

LONG BEACH, CA 90807

**2. Your Telephone Number (including area code)**

Home  (310) 426-2126

Work  (619) 662-7240

**3. Which Department of Justice Office Do You Believe Discriminated Against You?**

U.S. IMMIGRATION AND NATURALIZATION SERVICE

**A. Name of Office Which You Believe Discriminated Against You.**

U.S. IMMIGRATION AND NATURALIZATION SERVICE
LOS ANGELES DISTRICT OFFICE

**B. Street Address of Office**

300 NORTH LOS ANGELES STREET, ROOM 8114

**C. City, State and Zip Code**

LOS ANGELES, CA 90012

**4. Current Work Address**

720 EAST SAN YSIDRO BLVD, SAN YSIDRO, CA 92173

**A. Name of Agency Where You Work**

U.S. IMMIGRATION AND NATURALIZATION SERVICE

**B. Street Address of Your Agency**

880 FRONT STREET, SUITE 1234

**City, State and Zip Code**

SAN DIEGO, CA 92101

**D. Title and Grade of Your Job**  S-97-63

IMMIGRATION INSPECTOR GS-9/9

**5. Date on Which Most Recent Alleged Discrimination Took Place**

| Month | Day | Year |
|-------|-----|------|
| 09 | 11 | 96 |

**6. Check Below Why You Believe You Were Discriminated Against?**

☒ Race or Color (Give Race or Color)  WHITE

☒ Religion (Give Religion)  CATHOLIC

☒ Sex (Give Sex) ☒ Male  ☐ Female

☐ Age (Give Age)

☒ National Origin (Give National Origin)  ITALIAN

☐ Sexual Harassment

☐ Handicap  ☐ Physical  ☐ Mental

☐ Reprisal  ☒ Other

EXPERIENCE/QUALIFICATION

**7. Explain How You Believe You Were Discriminated Against (Treated differently from other employees or applicants) Because of Your Race, Color, Religion, Sex, Age, Handicap, Reprisal or National Origin (You may continue your answer on another sheet of paper if you need more space).**  I FEEL THAT BASED ON MY PRIOR WORK EXPERIENCE AND QUALIFICATIONS, IN ADDITION TO ALREADY WORKING FOR U.S. I&NS IN A HIGHER LEVEL POSITION (IMMIGRATION INSPECTOR), WOULD HAVE RATED ME ABOVE ALL OTHER APPLICANTS. CONSEQUENTLY, I WAS RATED AS "ONE" OF MANY "EQUALLY QUALIFIED" APPLICANTS.  I FEEL THAT I WAS DELIBERATELY OVER LOOKED DURING THE SELECTION PROCESS AND DISCRIMINATED AGAINST IN THE FOLLOWING CATEGORIES: RACE (WHITE); RELIGION (CATHOLIC); SEX (MALE); NATIONAL ORIGIN (ITALIAN); AND OTHER (EXPERIENCE/QUALIFICATIONS).

**8. What Corrective Action Do You Want Taken on Your Complaint?**  REQUESTING IMMEDIATE ASSIGNMENT TO THE LOS ANGELES OR ORANGE COUNTY AREAS AS A DETENTION ENFORCEMENT OFFICER OR ANY OTHER (COVERED) LAW ENFORCEMENT POSITION THAT IS AVAILABLE.  CURRENTLY, I HAVE (7) APPLICATIONS PENDING WITH U.S. I&NS FOR LAW ENFORCEMENT POSITIONS.  ADDITIONALLY, REQUESTING MONETARY COMPENSATION FOR EXPENSES THAT I HAVE INCURRED DUE TO MY CURRENT (HARDSHIP) SITUATION.

**9. A) I Have Discussed My Complaint With an Equal Employment Opportunity Counselor**

DATE OF FIRST CONTACT:

| Month | Day | Year |
|-------|-----|------|
| 09 | 25 | 96 |

DATE OF LAST INTERVIEW:

| Month | Day | Year |
|-------|-----|------|
| 01 | 23 | 97 |

**B) Name of Counselor:**

JEFFREY P. SIEGEL.

C) I have ... contacted ... EEO Counsel ...

**10. Date of This Complaint:**

| Month | Day | Year |
|-------|-----|------|
| 04 | 02 | 97 |

**11. Sign Your (Complainant's) Name Here:**

*[signature]*

FORM DOJ-...

January 26, 1997

Diane Weaver
Director of Equal Employment Opportunity
Immigration and Naturalization Service
425 I Street, N.W. Room 2210
Washington, D.C. 20536

Dear Ms. Weaver:

I am filing this formal complaint as required by a policy and
requesting a continuance in the investigation of my
discrimination case under the collective bargaining agreement
(negotiated grievance procedure). Due to the findings of the
initial investigation, to include a vague and unacceptable
explanation as to why I was not selected for the position of
Detention Enforcement Officer, I am requesting further assistance
in this matter.

In the summary (Report of Findings/pg. 8), it was concluded that
I received a recommendation for hire, but just wasn't selected.
Additionally, it was concluded that I was one of many equally
qualified candidates and the fact that I wasn't selected for the
position was not due to any uncertainty on the part of the
Immigration and Naturalization Service. I initially requested an
EEO investigation on this matter in order to see exactly how I
was rated and how my background and experience compared against
the (25) candidates who were selected.

A review of the findings on page 6 of the report (6. Inquiry)
indicated that no record checks were performed during the
investigation. My question at this time concerns the current
evaluation system currently being utilized by INS. What is the
basis for selected one applicant over another? When there many
"so-called" equally qualified candidates competing for the same
position what system is being employed in order to make a final
determination?

I question how my background and experience can make me equally
qualified against another applicant with no prior government law
enforcement or detention experience. I also question how a
person who has already been selected for the position of
Immigration Inspector by the same agency and was attending the
IOBTC Academy in Charleston, South Carolina at the time of their
interview, can be considered an equally qualified applicant.

56

97-236

I believe that my education, job-related training and experience, in addition to the completion of the IOBTC Academy and working as a Immigration Inspector would have been sufficient enough to secure a position during the selection process.  The following information gives a brief run-down of my background and qualifications for your review.

**IMMIGRATION INSPECTOR, U.S. IMMIGRATION AND NATURALIZATION SERVICE, 3/96 - PRESENT, GS-9/10, SAN YSIDRO, CALIFORNIA (POE).**

**CASE MANAGER, FEDERAL BUREAU OF PRISONS, 3/94 - 2/96, GS-11/1.** Supervision of 150 - 300 inmates (per case load) and 6 staff members.  Responsibilities included: counseling; progress reports; intake screening; classification of inmates (designation of security levels); correspondence to federal, state and local law enforcement agencies, Congressional, Judicial, Victim/Witness Program, U.S. Attorney, U.S. Federal Probation, U.S. Parole Commission and Foreign Consulates to coordinate the removal of criminal aliens (Treaty Transfers).

**CORRECTIONAL OFFICER, FEDERAL BUREAU OF PRISONS, 6/91 - 3/94 GS-7/3.**  Enforcement of the rules and regulations governing the operation of a correctional institution (i.e. confinement, safety, health and protection of staff and inmates).  The supervision of 80 - 200 inmates (per housing unit) and 60 inmates (high security detention unit).  The transporting of inmates (car, van and bus), to include hospital trips and airlifts.

**SPECIAL OPERATIONS RESPONSE TEAM (S.O.R.T.), FEDERAL BUREAU OF PRISONS, 9/93 - 2/96, GS-11/1.**  Technically qualified and proficient in the following areas: rapelling; security hard-ware; locking systems; cutting torch; riot control; tactical planning; blue print reading; first aid; self-defense and weapons.

**MASTERS OF SCIENCE DEGREE (CRIMINAL JUSTICE), CALIFORNIA STATE UNIVERSITY, LONG BEACH, DECEMBER 1992.**

**BACHELOR OF ARTS DEGREE (PHYSICAL EDUCATION), CALIFORNIA STATE UNIVERSITY, LONG BEACH, MAY 1998.**

Due to the events that have taken place over the past year, my wife and I are now confronted with an extreme hardship. Currently, we reside in Long Beach, California and I must commute 115 miles (one-way) to work at the U.S./Mexico border in San Ysidro, California.  Because of the current I&NS policies restricting employees from transferring out of San Ysidro, I am unable to transfer to the Los Angeles District Office which is 30 minutes from my house or Los Angeles International Airport which is 15 minutes from my house.  Additionally, my wife has been employed with the Bureau of Prisons (San Pedro, CA) for the past five years and has been promoted to the position of Special Investigative Assistant.  It would not be in her best interest to leave her present position and relocate at this time.

Due to the circumstances that now left me in this present situation, in addition to my prior experiences in applying for positions within I&NS, I am prepared to utilize every means available in this process that will enable to obtain a judgement in my favor.  Thank you for your time and assistance in this matter.

Sincerely,

Frank J. Carderella

58

59

425 I Street NW.
Washington, DC 20536          APR 2 4
HQ 60/7

In re:  Discrimination Complaint of

_____Frank J. Carderella_____

Mr. Frank J. Carderella
3651 Gardenia Ave.           Complaint No.: _____I-97-0109_____
Long Beach, CA  90807

Date Filed: _____January 29, 1997_____

Dear Mr. Carderella:

The purpose of this letter is to acknowledge receipt of your discrimination complaint by the U.S. Immigration and Naturalization Service and to provide you with written notification of your rights as well as the time requirements for exercising those rights.  If you have further questions, please contact this office.

In accordance with 29 Code of Federal Regulations Part 1614.105, it is necessary for you to advise this office, in writing, of any changes with respect to your current address and duty station within 15 calendar days (all time frames identified are calendar days).  Also, you have an affirmative burden to cooperate in the processing of your complaint by providing information or sworn testimony, as appropriate.  Failure to do so will be construed as failure to prosecute.

If your complaint, or any allegation contained therein is rejected, it is considered to be a final agency decision by the Director of EEO for the Department of Justice on the complaint or that portion of the complaint which is rejected.  You will receive a decision by separate letter if your complaint or any part thereof is rejected.  You have the right to appeal any dismissal within 30 days of receipt to the Equal Employment Opportunity Commission.

If your complaint is accepted, it will be investigated within 180 days of receipt of the formal complaint as outlined under 29 CFR Part 1614.108.  The time frame for the investigation can be extended by agreement of both parties.  After completion of the investigation, you will receive a summary of the investigative report and a copy of the investigative file.

60

Within 30 calendar days after receipt of your investigative file you have the following election rights:

(1)   A hearing by a U.S. Equal Employment Opportunity Commission (EEOC) Administrative Judge who will conduct the hearing and recommend a decision to the Department of Justice, after which a final decision will be rendered by the Complaint Adjudication Officer of the Department of Justice; or

(2)   A final agency decision without a hearing based on the existing complaint file by the Department of Justice, Complaint Adjudication Officer.

If you want a hearing or final agency decision without a hearing you must **NOTIFY THIS OFFICE WITHIN 30 CALENDAR DAYS OF RECEIPT OF THE INVESTIGATIVE FILE OF YOUR COMPLAINT;** otherwise your complaint will be forwarded to the Complaint Adjudication Officer for issuance of the final agency decision.

Your request for a hearing or a final agency decision without a hearing must be addressed to this office, so that necessary arrangements can be made.

If you are dissatisfied with the final agency decision by the Complaint Adjudication Officer of the Department of Justice (with or without a hearing), you may file a notice of appeal to the EEOC Office of Federal Operations (OFO) within 30 days of receipt of the final agency decision or notice of dismissal.  Also, you may submit a brief or statement to support your appeal to OFO within 30 days after filing the notice of appeal.  If you are represented by an attorney, then the 30 days time frame shall be calculated from the receipt of the required document by your attorney.  Any appeal to the EEOC should be addressed to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P. O. Box 19848, Washington, D.C. 20036. At the same time of your appeal to EEOC, you must furnish a copy of the appeal and any supporting brief or statement to this office at the following address:

Director, Office of EEO, Room 1122
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20536

3

Instead of an appeal to the EEOC you may file a civil action in a proper federal district court within 90 calendar days after receiving the final agency decision or, if the agency has not issued a final decision on your complaint, after 180 calendar days from the date the formal complaint was filed.  If you file a civil action under Title VII of the Civil Rights Act of 1964, as amended, or the Rehabilitation Act of 1973, as amended, and you do not have, or are unable to obtain the services of a lawyer, you may request the court to appoint a lawyer to represent you. In such circumstances as the court may deem just, the court may appoint a lawyer and may authorize the commencement of the action without the payment of fees, costs or security.  Any such request must be made within the above referenced **90-day** time limit for filing suit and in such form and manner as the court may require.

You are further notified that if you file a civil action, you must name the appropriate Department or Agency head as the defendant.  Failure to name the head of the Department or Agency may result in the loss of any judicial redress to which you may be entitled.  The head of the Department of Justice is Janet Reno, Attorney General.

If you decide to appeal to the EEOC Office of Federal Operations, you will still have an opportunity to file a civil action in a federal district court within 90 calendar days after receiving the EEOC's final decision, or 180 calendar days after the date of your initial appeal to the Commission if the EEOC has not rendered a final decision.

In addition, if the Complaint Adjudication Officer of the Department of Justice has not issued a final decision on your complaint within 180 days of the date it was filed with the Service, you may file a civil action in an appropriate U.S. District Court.  **However, the filing of a civil action terminates the administrative processing of your complaint.**

Your continuing cooperation during the processing of your discrimination complaint will ensure that this matter is processed as expeditiously as possible.

Sincerely,

D. Diane Weaver
Acting Director
Office of EEO

62

cc:   Chron
      WF-Carderella, Frank
INS:HQEEO:DDWeaver:MBarbour:tw:514-2732:4/14/97

63

EXHIBIT B



**U.S. Department of Justice**
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20532

## REPORT OF EEO COUNSELING

The Matter Complained of By: ___Frank Carderella___
                (Charging Party's Name)
                         If charging Party gives his/her Permission)

Organizational Unit: ___Immigration & Naturalization Service___

Submitted by: ___Jeffrey P. Siegel___
         (Name and Signature of Counselor)

Organizational Unit/Location: ___U.S. Border Patrol___

Telephone Number: Commercial ___(619) 662-3140___

*97-2cc*

# INSTRUCTIONS FOR THE USE OF FORM

If the individual does not allege discrimination because of race, color, sex, national origin, religion, age or mental or physical handicap in connection with the matter complained of, complete only the above portion of this page; Items 1, 2, and 9 of Part A and Items 1, 2, and 3 of part B before submitting the Report of Counseling. Note under item 3 of part B any corrective action the individual received.

If discrimination of one of the above factors is alleged, complete ALL items before submitting the Report of Counseling and use Item 8 of Part B to report any corrective action received. Attach supplemental sheets referencing item number if additional space is required.

*64*

2

## PART A

## KEY DATES

1. Initial Contact: __January 13, 1997__
        (Date the aggrieved person contacted counselor to schedule an interview.)

2. Initial Interview: __January 13, 1997__
                                    **(Date)**

3. 21-Day Notice*: _____N/A_____
                                **(Date)**

4. Counseling Extension(s)*:_____N/A_____
              **(Date)**

5. Final Interview Notice*:__January 23,1997__
         **(Date)**

6. Most Recent Action Identified as Discriminatory **By Charging Party**: _____
    __September 15, 1996._____
        **(Action and Date of Occurrence)**
    _____
    _____

7. Offer of Assistance in completing DOJ 201-A:  a) Made by

    Counselor: _1/23/97_
                    Date

    b)  Accepted:_____   c)  Rejected: __xxx__

8. Counseling Report Prepared: __January 17, 1997__
                                        Date

9. Report Submitted: __January 27, 1997__
                        Date

65

3

10. Date Formal Complaint of Discrimination must be filed:  <u>January 28, 1997</u>
    (15 days after issuance of "Notice of Final Interview)

\* _____ Copy of Notice Attached

4

## PART B

## REASON(S) FOR SEEKING COUNSELING

1.  Alleged Discrimination Based on:

        a. (X) Race (Specify)_____

        b. (X) Sex (Specify) _____

        c. ( ) Age (Specify) _____

        d. ( ) National Origin (Specify) _____

        e. ( ) Color (Specify) _____

        f. ( ) Religion (Specify)_____

        g. ( ) Mental Handicap _____

        h. ( ) Physical Handicap _____

        i. ( ) Other (Specify) _____XXX_____

2.  Matter(s)/Action(s) Complained of:

    Complainant states that he should have been hired for the job of Dention Enforcement
    Officer.  Complainant states that his background should have given him a qualifying
    edge over the other applicants.

67

5

3.    Corrective Action Sought:

The first corrective steps sought were to get in contact with the persons who did his
telephone interview and see how they rated the complainant. Then to see if the persons
doing the hiring could shed light on why Mr. Carderella wasn't accepted.

4.    Chronology of Events: (Explain the events causing the aggrieved person to believe he/she
       has been discriminated against.)

In November of 1995, Mr. Carderella was granted a phone interview for a Deportation
Enforcement Officer.   According to Mr. Carderella, he felt the phone interview
went in his favor.   There were twenty-five openings, and with his prior Bureau
of Prisons and Immigration Inspector experience, the complainant felt a position
should have been secured for him.  Mr. Carderella then went to Glynco Ga. for
Dention Enforcement training.  This was in September of 1996, and Mr. Carderella
still hadn't received any word as to his hiring as a Dention Enforcement Officer.
It was then learned by Mr. Carderella that some of his subordinates were hired
for the position that he himself had applied for.  Mr. Carderella seeks answers
as to why a qualified candidate as himself is refused a job and lesser qualified
applicants are accepted.

5.    Counselor's Plan of Action:  (May include contacting Servicing Equal Opportunity
       Officer for technical guidance.)

After receiving Mr. Carderella's  phone call and discussing his complaint, This
counselor contacted the persons involved in his phone interview.  I then contacted
the District Office in Los Angeles California to see if answers to Mr. Carderella's
questions could be attained.

68

6

## 6. Inquiry

a. Review of Records: (Indicate name of records reviewed and the date of each review.)

No   Records   Reviewed

b.     Personal Interviews: (Include date, name, title, organizational position, matter(s) discussed.)

By telephone, this counselor contacted Deniese Lopez and Rafael Roldan. Both were on the panel that gave a telephonic interview to Mr. Carderella. Also contacted was Mr. Leonard Kavinski, Assistant District Director of Deportations, and Mrs Beverly Wilson, Deputy Assistance District Director of Deportations. Both were responsible in the final hiring phase in which Mr. Carderella was not selected. Mr. Roldan was contacted on Friday, January 17, 1997. Mr. Kavinski was also contacted on the same Friday via telephone. It was he that suggested that I contact Mrs. Wilson on the matter. Mrs. Wilson was contacted on Thursday, January 23, 1997.

69

7

70

8

7.    **Summary: (Reports of Findings.)**

After talking with all involved, it was concluded that Mr. Carderella did
in fact receive a recommendation for hire by Mr. Roldan and Mrs. Lopez.
Upon further investigation, I contacted Mrs. Kamala Hampton, the hiring
Supervisor for the Los Angeles district. She also remembered Mr. Carderella's
interview, and also recommended that Mr. Carderella be retained for hire.
Mr. Leonard Kavinski stated that he had just reported for duty at that
particular time, but advised this counselor to contact Mrs. Wilson, for
it was her who had the final say in the hirings. Mrs. Wilson explained
that although Mr. Carderella did do an excellent job in the interview, and
was recommended for hire, Mr. Carderella just wasn't selected. There were
an abundant of openings, and all candidates, according to Mrs. Wilson,
were equally qualified. The fact that Mr. Carderella was not selected was
not due to any uncertainty on behalf of the I&NS.

8.    **Results:**

Mr. Carderella is certainly qualified to handle the position of a Detention
Enforcement Officer. This according to all personnel who came into contact
with Mr. Carderella. The fact that Mr. Carderella was not hired for the one
position in which he applied doesn't mean that Mr. Carderella is uncapable
of being hired for the position should other vacancies be announced in the
future. The findings in this report shows that although Mr. Carderella was
passed over for this last position, his past work experience shows him to
be a leading candidate should another position appear. This sentiment was
expressed by all personnel whom this counselor came into contact.

9

This is notice of final counseling interview. If you believe you have been discriminated against on the basis of race, color, religion, sex, age, national origin, or handicap, you have the right to file a complaint of discrimination within fifteen (15) days after receipt of this notice.

The complaint must be in writing and may be filed in person or by mail with the

> Director of Equal Employment Opportunity
> Immigration and Naturalization Service
> 425 I Street, N.W. Room 2210
> Washington, D.C. 20536

NOTE: Your acknowledged receipt and dating of this "Notice of Final Interview" concludes the counseling process.

SIGNATURE OF RECEIPT: _____

DATE: _1-23-97_

72

73



**U.S. Department of Justice**
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20532

## EMPLOYEE RIGHTS AND RESPONSIBILITIES DURING COUNSELING AND THE FORMAL EEO COMPLAINT PROCESS IN ACCORDANCE WITH 29 C.F.R. SECTION 1614

1.  You have the right to representation at any stage of the complaint process including counseling.  You select your representative.  The agency does not provide you with a representative.  The EEO Counselor or Service EEO Officials **cannot** serve as your representative.

2.  You have the right to remain anonymous during the counseling stage. Anonymity ends with the filing of a formal complaint.

3.  You have a possible election right between a negotiated grievance procedure and the EEO complaint process (See attached election notice).

4.  If you are filing a mixed case complaint (i.e. allegations of discrimination that are also appealable to the Merit System Protection Board (MSPB), you have **20 calendar days** from the date of the alleged discriminatory act to file a mixed case appeal with MSPB.  You have **15 calendar days** from the date of the EEO counselor's notice of final interview or **30 calendar days** after initial contact with the EEO counselor to file a formal mixed case EEO complaint. **You may not file both an MSPB appeal and an EEO complaint on the same manner.  The process selected first is deemed the elected process.**

5.  If you are alleging discrimination on the basis of age (must be 40 years of age or older), you have a right to either file your complaint through the administrative EEO process or file a lawsuit under the Age Discrimination in Employment Act (ADEA).  See attached ADEA notice.

6.  Once the counseling period is completed, you have **15 calendar days** from receipt of the counselor's notice of final interview to file a formal complaint of discrimination.

7.  After the counseling and investigation of your complaint, you have a right to request a hearing before an Equal Employment Opportunity Commission (EEOC) administrative judge (AJ) in a non-mixed complaint after **180 calendar days** from the filing of your **formal** complaint of discrimination (not **180 days** from counseling).  You also have the right to file a civil action in U.S. District Court **180 days** after the filing of a **formal** complaint or **180 days** after the filing of an appeal.    74
                                            7L

8. If at any stage of the EEO process there is a settlement which includes back pay, the agency must deduct interim earnings or amounts which could be earned by the charging party from the back pay amount.

9. You must keep the agency informed of your current mailing address and telephone numbers. If you file an appeal with EEOC, you must inform EEOC of your current mailing address and telephone numbers. Copies of any appeal notices that you file with EEOC must also be served on the agency.

10. The EEO Counselor must provide to you, in writing, a notice terminating the counseling and informing you of the right to file a formal complaint within **15 calendar days**; the appropriate official with whom to file a formal complaint; and your duty to immediately inform the agency if you retain counsel or a representative. The EEO counseling period can be extended for an additional **60 calendar days** with your agreement.

11. Please be advised that only the same or like and related matters raised at the counseling stage may be the subject of your formal complaint i.e. if you were counseled on the basis of race, you can file your formal complaint only on that basis.

12. You have **45 calendar days** to contact an EEO Counselor from the date of the alleged discriminatory action or the effective date of a personnel action. The counseling period is for **30 calendar days** with a possible extension of **60 additional calendar days**. You have **15 calendar days** after the final interview in which to file a formal complaint of discrimination.

ACKNOWLEDGEMENT OF RECEIPT

_____     1-23-97
CHARGING PARTY'S SIGNATURE          Date

_____     1-23-97
EEO COUNSELOR'S SIGNATURE           Date

U.S. Department of Justice

75



**U.S. Department of Justice**
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20532

## ELECTION NOTICE

Section 1614.105 (b) of the U.S. Equal Employment Opportunity Commission's regulations (Title 29 C.F.R. Part 1614) requires that upon an aggrieved person's initial contact with the Equal Employment Opportunity (EEO) counselor, or as soon thereafter as possible, the counselor shall inform each aggrieved person of the possible applicability of 5 U.S.C. 7121 (d) to the alleged discriminatory action which caused the aggrieved person to seek precomplaint counseling. Further, the EEO counselor must communicated to the aggrieved person the substance of 29 C.F.R.

Section 1614.301 concerning the election of remedies.

Section 1614.301 (Relationship to Grievance Procedures) provides as follows:

(a)   Allegations of discrimination on grounds of race, color, religion, sex, national origin, age or handicapping condition may be raised under a grievance procedure by employees in agencies that are subject to the provisions of 5 U.S.C. 7121 (d) and who are covered by a collective bargaining agreement that provides for allegations of discrimination to be raised in the negotiated grievance procedure or by employees of agencies not subject to   5 U.S.C. 7121 (d) shall be processed as complaints under section 1614.108 thru 1614.110.

(b)   In cases where a person is covered by a negotiated grievance procedure permitting allegations of discrimination, a person wishing to file a complaint or grievance on a matter of alleged employment discrimination must elect the forum in which to pursue the matter, i.e., either the process described in this part or a negotiated grievance procedure.  An aggrieved employee who files a grievance in writing with an agency whose negotiated agreement with an employee organization permits the acceptance of grievances which allege discrimination prohibited by this subpart, may not thereafter file a complaint on the same matter under the provisions of this subpart irrespective of whether the grievance has raised an allegation of discrimination within the negotiated grievance procedures.

Any complaints filed after a grievance has been filed on the same matter shall be rejected without and the employee shall have the right to proceed through the negotiated grievance process.  The complainant will have the right to request review of the cancellation of the EEO complaint by EEOC.  The agency decision letter rejecting such a complaint shall advise the complainant of the right to appeal the agency decision to EEOC.  An election to pursue a complaint is indicated only by the filing of a formal complaint, in writing.  Use of the counseling process does not constitute an election.

76

Accordingly, if you are alleging discrimination on the grounds of race, color, religion, sex, national origin, age and/or handicap, and if you wish to pursue the matter, you must make an election to pursue it either as a complaint with the agency under the EEO complaint procedures (29 CFR Part 1614), or in a negotiated grievance procedure, if the following conditions apply:

1.   You are an employee of a federal agency subject to the provisions of 5 U.S.C. 7121 (d), and

2.   You are covered by a collective bargaining agreement which permits allegations of discrimination to be raised in a negotiated grievance procedure.

For your information, the Department of Justice, Immigration and Naturalization Service is subject to the provisions of 5 U.S.C. 7121 (d) and the collective bargaining agreement with the Immigration and Naturalization Service and the AFL-CIO, National Immigration and Naturalization Service Council, does permit allegations of discrimination to be raised in the negotiated grievance procedure.

Accordingly, if you wish to pursue your discrimination allegation, then you must elect one or the other procedure described above, but not both.  This means that if you choose the negotiated grievance procedure that allows for claims of discrimination and do not raise a discrimination claim, you will not be permitted to raise such claims under 29 C.F.R. Part 1614.  An election is made as follows:

1.   By filing a grievance in writing (whether or not the grievance has raised an allegation of discrimination) with an agency whose negotiated agreement with an employee organization permits the acceptance of grievances which allege discrimination; or

2.   By filing a written formal discrimination complaint with your agency under Part 1614.  Use of the precomplaint process under Section 1614.105 does not constitute an election.

If you have further questions concerning the possible applicability of 5 U.S.C. 7121 (d) to you, please contact an EEO Counselor or Headquarter's Office of EEO on (202) 514-2732.

## CERTIFICATION

I, _FRANK CARDERELLA_ (aggrieved person), hereby certify that

_JEFFREY P. Siegel_ (EEO Counselor) has informed me of the possible
applicability of 5 U.S.C. 7121 (d) to my allegation(s) of discrimination and that he/she has
communicated to me the substance of Title 29 C.F.R. section 1614.105 and has furnished me
with a copy of this notice. I understand that the original or a copy of this notice will be made a
part of the EEO counselor's report as evidence of the EEO counselor's compliance with Title 29
C.F.R. Section 1614.105 (b).


_1-23-97_
(Date)

_Frank Cardinella_
(Aggrieved Person)


_Jeff. P. Siegel_
(EEO Counselor)

_____
(Aggrieved Person's Representative)

78



**U.S. Department of Justice**
Immigration and Naturalization Service
425 I Street, N.W.
Washington, D.C. 20532

## RIGHT TO ANONYMITY

I have been advised that I have the right to remain anonymous during EEO Counseling.

I understand that if the matter is not resolved to my satisfaction and I file a formal complaint of discrimination, I lose the right to remain anonymous.

✓ I do not wish to remain anonymous.

___ I do wish to remain anonymous.


_____          _1-23-97_____
(Aggrieved Person)                                                    Date


_____          _____
(Aggrieved Person's Representative)                        Date


_____          _1-23-97_____
(EEO Counselor)                                                       Date


79

Feb 28

Mr. Frank Carderella
3651 Gardenia Avenue
Long Beach, CA  90807

Dear Mr. Carderella:

This is in reference to your letter of January 26, 1997, regarding alleged discrimination.

In your letter you expressed concern relative to not being selected for the position of Detention Enforcement Officer.  If you believe that this act is discriminatory, you have the right to seek Equal Employment Opportunity counseling.  If you elect to seek EEO counseling regarding this matter, please contact the person listed below who will provide you with a list of EEO Counselors in your area:

> Ms. Rosalind Reshad
> Equal Employment Opportunity Manager
> Western Regional Office
> Immigration and Naturalization
>   Service
> 24000 Avila Road
> Post Office Box 30080
> Laguna Niguel, California  92607-0080
>
> Telephone:  (714) 360-3192

If you have any questions regarding this matter, you may contact Ms. Miranda Barbour, EEO Specialist on (202) 514-2732.

Sincerely,

D. Diane Weaver
Acting Director
Equal Employment Opportunity

80

cc:  Chron
TEMP WF -  CARDERELLA
         Rosalind Reshad
INS:HQEEO:DWeaver:JTaylor:MVBarbour:mvb   2/20/97

Case 2:09-cv-08299-R-MAN   Document 56-8   Filed 11/15/09   Page 31 of 55   Page ID #:597

```
                         OFFICER CORPS RATING SYSTEM                DATE: 06/14/2000
                           VACANCY SELECTION LIST               TIME: 12:59:11
     FOR: SSN 568171000        NAME FRANK        CARDERELLA

                    POSITION              NBR OF    LANG    QDC CLOSING
SEL      V.A.N.       CODE      CITY      OPENINGS   REQ    REQ  DATE      STATUS
    WOROC1998-0336.12 002NLA SANTA ANA         0  SPANISH   Y 08/14/1998
    WOROC1998-0336.11 002NLA SANTA ANA         0  SPANISH   Y 08/14/1998
    WOROC1998-0335.12 002NLA RIVERSIDE         0  SPANISH   Y 08/14/1998
    WOROC1998-0335.11 002NLA RIVERSIDE         0  SPANISH   Y 08/14/1998
    WOROC1997-0220.11 007NL  SAN PEDRO (SPC)   0  SPANISH     08/22/1997
    WOROC1997-0190.11 005NL  LANCASTER (LAN)   0  SPANISH     07/25/1997
    WOROC1997-0190.09 005NL  LANCASTER (LAN)   0  SPANISH     07/25/1997
    WOROC1997-0080.12 010NN  WESTMINSTER (WSM) 0  SPANISH     05/03/1997
    WOROC1997-0072.11 003NNS SAN DIEGO (SNA)  21  SPANISH     04/25/1997
    WOROC1997-0134.11 003NNS LOS ANGELES (LAX) 0  SPANISH     06/13/1997
    WOROC1997-0080.11 010NN  WESTMINSTER (WSM) 0  SPANISH     05/03/1997
    WOROC1997-0080.09 010NN  WESTMINSTER (WSM) 0  SPANISH     05/03/1997
    WOROC1997-0039.11 005NL  SANTA ANA(SAA)    0  SPANISH     03/21/1997
    WOROC1997-0038.11 005NL  RIVERSIDE (LOS)   0              03/21/1997
                                             PAGE: 001   MORE PAGES

        PF1           PF2           PF4          PF6           PF8
      FORWARD      BACKWARD       RETURN      MAIN MENU        EXIT
PLACE AN "X" IN SEL COLUMN TO VIEW VACANCY ANNOUNCEMENT
```

82

Case 2:09-cv-08299-R-MAN   Document 1-4   Filed 11/13/09   Page 32 of 55   Page ID #:98

FOR: SSN 568171000          NAME FRANK                CARDERELLA

| SEL | V.A.N. | POSITION CODE | CITY | NBR OF OPENINGS | LANG REQ | QDC REQ | CLOSING DATE | STATUS |
|-----|--------|---------------|------|-----------------|----------|---------|--------------|--------|
|     | WOROC1997-0037.11 | 005NL | LANCASTER (LOS) | 2 | SPANISH | | 03/21/1997 | |
|     | WOROC1996-0233.11 | 002NLA | LOS ANGELES | 0 | | | 08/30/1996 | |
|     | WOROC1996-0242.11 | 005NL | LOMPOC | 0 | SPANISH | | 09/06/1996 | |

                                                      PAGE: 002    LAST PAGE
        PF1              PF2              PF4              PF6              PF8
      FORWARD          BACKWARD          RETURN        MAIN MENU          EXIT
PLACE AN "X" IN SEL COLUMN TO VIEW VACANCY ANNOUNCEMENT

EXHIBIT C

EXHIBIT C1

HQ 60/8

MAY I 9 1998

Mr. Frank J. Carderella
3651 Gardenia Avenue
Long Beach, CA 90807

Complaint No.: I-97-0109
Date Filed: January 29, 1997

Dear Mr. Carderella:

The purpose of this letter is to inform you of the acceptance of the complaint of discrimination which was filed on January 29, 1997. Your complaint has been assigned number I-97-0109 and has been accepted for investigation on the bases of race (White), religion (Catholic), sex (Male) and national origin (Italian). You allege the following issues:

> On September 15, 1996, you were notified that you were not selected for the position of Detention Enforcement Officer in Los Angeles, CA.

Please be advised that all other references contained in the formal complaint will be used as background information to support the issue as stated.

You will receive notification regarding the assignment of an EEO investigator under separate cover.

Sincerely,

RECEIVED

JUL 1 3 1998

DSZ-BOSTON

D. Diane Weaver
Acting Director
Equal Employment Opportunity

84

85

425 I Street NW.
Washington, DC 20536

**Date:**   August 24, 1998

**TO EMPLOYEES:**

Frank Carderella _____ has filed a complaint of discrimination with
the Immigration and Naturalization Service (INS).  The private firm of Delany, Siegel, Zorn and
Associates, Inc. has been contracted by INS to investigate this complaint.  Pursuant to Equal
Employment Opportunity Regulation 29 CFR PART 1614, and the provisions of the contract, I
hereby authorize the following individual to conduct the investigation and to take sworn
statements:

**Name:**   _____ David Buxton _____

**Title:**   _____ Independent Contractor _____

On identifying himself/herself to you, the contracted investigator will expect your complete
cooperation in this investigation, since he/she has been given the authority to investigate all
aspects of the complaint.   You are hereby required to furnish sworn or affirmed testimony by
affidavit, without a pledge of confidence, about matters pertaining to the complaint, and to
provide access to files and record systems of the INS as required to answer the complaint.

The information obtained in this investigation is protected by the Privacy Act of 1974 Public law
93-579, and the information is collected for use in resolving the complaint of discrimination filed
by the aforementioned complainant.  The information will be incorporated into a report of
investigation to be distributed to the EEO Director, the complainant and possibly to Federal
appeal and court systems.  A complainant who does not provide the information required is
advised that such refusal will result in termination of the investigative process and possibly
cancellation of his/her complaint.  A Federal employee who does not provide the information
required is advised that such refusal may result in disciplinary action.

Sincerely,

D. Diane Weaver, Acting
Director
Office of Equal Employment Opportunity

84

EXHIBIT D

# EXHIBIT

# D

# INFORMAL RESOLUTION
# DOCUMENTATION

*81*

EXHIBIT E



EXHIBIT

# E

APPELLATE ACTIVITY
DOCUMENTATION

88

EXHIBIT F-1

**EXHIBIT F1a**



## ORGANIZATIONAL CHART AND RELATIONSHIPS OF AFFIANTS
### INS - Los Angeles District
### Detention and Deportation Branch
### As of June, 1997

**INS Detention and Deportation Division**

**San Diego District**

**San Ysidro Port**

**Martin Minor**
Assistant Port Director

**Frank Carderella, Complainant**
Immigration Inspector, GS-1816-7
White, Italian NO, Male, Catholic

**Los Angeles District Office**
Richard Rogers, District Director

**Leonard Kovensky**
Assistant District Director

**Detention and Deportation Division**
Beverly K. Wilson
Deputy Assistant District Director, GS-14
Black, U.S. NO, Female, Non-Denominational

**Los Angeles District Office Detention and Deportation**
Jose Sanchez, Supervisory Deportation Officer

**Denise L. Weaver-Lopez**
Deportation Officer, GS-1801-12
Black, U.S. NO, Female, Non-Denominational

**San Pedro Sub-Office**
Marjorie Alvarez, Supervisory Deportation Officer

**Rafael Roldan**
Detention and Deportation Officer, GS-1801-11
Hispanic, Carribean/South American NO
Male, Roman Catholic

89

90

# WORKFORCE PROFILE SUMMARY
# DEPARTMENT OF JUSTICE - INS
# LOS ANGELES DISTRICT

## Detention and Deportation Branch

## As of 31 March 1997

**All employees are GS-1802 Detention Enforcement Officers**

### By Race/National Origin and Sex

| Grade | Caucasian | Black | Hispanic | Asian | Male | Female |
|-------|-----------|-------|----------|-------|------|--------|
| GS-4 | 10 | 2 | 0 | 0 | 10 | 2 |
| GS-5 | 3 | 0 | 2 | 1 | 4 | 2 |
| GS-6 | 2 | 1 | 4 | 0 | 5 | 2 |
| GS-7 | 17 | 14 | 21 | 6 | 56 | 2 |
| **TOTALS** | **32** | **17** | **27** | **7** | **75** | **8** |

EXHIBIT F-2

AFFIDAVIT

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I, FRANK CARDERELLA, (WHITE, ITALIAN, MALE, CATHOLIC), DEPORTATION OFFICER, GS-1801-11, SAN PEDRO PROCESSING CENTER, LOS ANGELES DISTRICT, WESTERN REGION, IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF JUSTICE, IN LOS ANGELES, CALIFORNIA, MAKE THE FOLLOWING STATEMENT FREELY AND VOLUNTARILY TO DAVID BUXTON, WHO HAS IDENTIFIED HIMSELF TO ME AS AN EEO CONTRACT INVESTIGATOR FOR THE DEPARTMENT OF JUSTICE, INVESTIGATING A COMPLAINT OF DISCRIMINATION FILED BY FRANK CARDARELLA, KNOWING THAT THIS STATEMENT IS NOT CONFIDENTIAL AND MAY BE SHOWN TO ANY INTERESTED PARTY.  I HEREBY SOLEMNLY SWEAR:

Q.   How long have you been in your current position, who is your supervisor, who is your second line supervisor, and what is your relationship to the Complainant?

A.   I have been in my current position since December 21, 1997. My immediate supervisor is Norma Bonales, Supervisory Deportation Officer and my second line supervisor is Anita Maker, Assistant Officer in Charge.  At the time of the issues of this complaint, my position was Immigration Inspector, GS-1816-7, and my immediate supervisor was Maria Arajo, Supervisory Immigration Inspector, and my second line supervisor was Martin Minor, Assistant Port Director.

Q.   What is the nature of your complaint?

A.   I believe I have been discriminated against because of my race, national origin, sex, and religion when I was not selected to the position of Detention Enforcement Officer, GS-7, in Los Angeles.  I became aware that I was not selected to this position in September 1996, although I was originally interviewed for the position in May of 1996.  I don't know exactly when the selection actually occurred.

Page  1  of  7  pages                           Initials  FC

92

Q.    Did you applied for, were you found qualified for, but not selected to the position of Detention Enforcement Officer, GS-5/7, and when did this occur?

A.    Yes.  I submitted an application in November 1995, and I was interviewed in May 1996.

Q.    What occurred during the selection process, i.e. were you interviewed, otherwise contacted, did you submit an application, etc., and did anything appear unusual about the selection process as it was occurring?  Who was responsible for interviews, recommendations, and selections?

A.    After November 1995, I waited until May 1996, and I was interviewed while I was at the IOBTC Academy in Charleston, S.C.  This was a phone interview with Rafael Roldan, who was a Deportation Officer and Denise Lopez, who I believe was a representative from Personnel.  I did not notice anything unusual about the interview or selection process.  Their questions were all job and performance-related.  I emphasized during the interview that I was currently working in San Diego but living in Los Angeles, so the interview and possible selection was very important to me.  I believe that there was a third person in the interview, and it may have been Kamala Hampton, who was in charge of Personnel.  I believe that the interviewers were responsible for making recommendations for the selections, and I believe they all recommended me for selection.  As far as I know, Beverly Wilson, who was the Deputy Assistant to the District Director of Deportations, made the final selection decisions, and for some reason she did not concur with the recommendations at least as far as my name, and I was not ultimately selected.  I believe Ms. Wilson was responsible for my non-selection.

Page __2__ of __7__ pages                          Initials _FC_

Q.   Who was selected to this position, and what was their race, national origin, sex, and religion?

A.   I believe there were 25 selectees under this vacancy. Ms. Wilson agreed with that in the EEO Counselor's Report, stating that there were an abundance of openings. I do not know all the people who were selected, because when I asked for list of those selected from Personnel, they told me they could not give me that information unless I had a vacancy announcement number, and I did not know the vacancy announcement number. I don't understand why they would not have been able to pinpoint a vacancy announcement of a selection this large, especially when I was specific about everything else about the selection process, including the closing date and location of selections.

Q.   Do you know who any of the selectees were, especially those whom you consider yourself better qualified than?

A.   I don't know for sure who exactly came off that vacancy announcement, but I was aware that a lot of individuals from the Bureau of Prisons became Detention Enforcement Officers around that period of time, and I assume that some of them came from this vacancy. I had been in the BOP, as a GS-11 Case Manager, and some of those coming into the INS had come from GS-5/6/7 Correctional Officer positions. Since I had been a higher graded employee, I would consider myself more qualified than them. In the EEO Counselor's report, the counselor made the implication that I had been an actual supervisor to some of those selected, but that is not correct. The information I gave to the EEO Counselor was that I considered myself more qualified because I was at a higher grade than some of those I believe were selected, but I did not actually supervise them, and they were not my

Page _3_ of _7_ pages                                    Initials _____

subordinates.

Q.   Do you believe you were better qualified than all of the
     selectees?

A.   I can't say that for all of the selectees because I do not
     know who all applied.

Q.   Other that the fact that you may have been in a higher
     graded position than some of those selected, what other
     reasons do you have for believing that you were better
     qualified than some of the selectees?

A.   This was an entry level position.  My background included
     five years of BOP experience, starting out as a Correctional
     Officer for two and a half years, working as a Case Manager
     for two and a half years and I was promoted to GS-11.  I
     also worked for two a half years with the Special Operations
     Response Team while with the BOP.  My education includes a
     Masters of Science in Criminal Justice, and a Bachelors in
     Physical Education with a minor in Athletic Training.   I
     speak two foreign languages fluently - Spanish and Italian.
     I was an Immigration Inspector in the INS, finishing up
     academy training, at the time I was interviewed for this
     selection.  I was stationed in San Ysidro Port of Entry
     since February 1996.  I was promoted to a GS-11 Special
     Operations Inspector in October 1997, after coming into the
     INS in February 1996 as a GS-7 Immigration Inspector.   I
     believe this is a clear indication that I am perceived as
     very capable and able to learn and progress quickly.  I was
     more than qualified for an entry level position of the kind
     advertised.  Some of those selected likely had little or no
     background for the job, and I am sure I was more qualified
     than many if not all of them.  One of the points made by Ms.
     Wilson to the EEO Counselor was that all of the qualified

Page  4  of  7  pages                         Initials  FL

95

candidates were equally qualified, and that there were many very qualified candidates like myself who just were not selected, although equally qualified to the selectees. I do not believe we were all equally qualified, and I believe my experience and background was much more favorable than probably many of the selectees.

Q. What criteria were used to evaluate the qualifications of the candidates?

A. I have asked that question to my EEO Counselor, and when that question was given to Ms. Wilson, according the report, she had no specific answer. It appeared to me that all the qualified candidates were thrown into one big list, and selections made from that list in some random way. I don't know of anything which was done to further break down the candidates to make sure the best qualified were selected.

Q. Why do you believe your race, national origin, sex, and religion were considered by Ms. Wilson as she made her selection decisions?

A. I can't say for certain because I do not know who the other candidates were. Based on who I have seen as new employees in the agency, it appears to me that people are selected based on factors other than qualifications. I don't know all the demographics of our region, and I don't know that these were major factors in her selection decisions, but I believe they may have been factors to some extent. It has appeared to me that different selections tend to consist of specific groups of people, based on what the agency probably feels they need to hire to maintain a fairness to different groups. I think that they are often making selections not based on who is best qualified, but rather based on what groups they need to include among their personnel.

Page __5__ of __7__ pages                    Initials _TL_

96

Q.   Do you have any reason to believe that Ms. Wilson would have known of your race, national origin, or religion?

A.   Judging by my name, I believe she could have inferred that I am Italian, and most Italians are Catholic.

Q.   Have you ever directly heard Ms. Wilson say anything which would lead you to believe that race, national origin, sex, or religion were factors in this selection process, or which would indicate to you that she would discriminate against anyone for these reasons?

A.   No.  I do not have direct contact with Ms. Wilson

Q.   Do you have any other information to provide at this time?

A.   I just question the evaluation process used for this selection, and I believe that if I went head to head with the the selectees, even though I don't know they are, I believe not one in 20 of the candidates was more qualified than me for this particular position.  I don't believe a fair assessment and comparison of my qualifications and abilities was done by Ms. Wilson.  I want to re-emphasize that if Management can show me who was selected and legitimate reasons that I was not selected based on performance and qualifications, I stand willing to drop this complaint.  I was willing to take a downgrade in order to be closer to my residence, and not being selected created a real hardship for me.  I am ready to pursue this matter through civil courts if necessary if the agency cannot show legitimate reasons for my non-selection.  If they can show that actual qualifications were considered and that those selected were at least equal to or better than me for the positions, I will drop this complaint.

Page  6  of  7  pages                          Initials FC

Q.   What do you request as remedy?

A.   I request compensation for the time I spent in San Diego
     because I was not selected, which was between September 1996
     through December 1997 when I was selected to the position I
     now hold.   The amount of compensation can be determined
     later.

I HAVE READ THE ABOVE STATEMENT CONSISTING OF ___7___ PAGES AND IT
IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF.   I
UNDERSTAND THAT THE INFORMATION I HAVE GIVEN IS NOT TO BE
CONSIDERED CONFIDENTIAL AND THAT IT MAY BE SHOWN TO THE
INTERESTED PARTIES.

                          (Affiant's Signature)

SUBSCRIBED AND SWORN BEFORE ME

AT _El Monte, CA_, ON THIS

_16_ DAY OF _September_ 1998

David S. Buxton
Contract EEO Investigator

Page _7_ of _7_ pages                        Initials _RV_

98

AFFIDAVIT

STATE OF CALIFORNIA
COUNTY OF LOS ANGELES

I, FRANK CARDERELLA, (WHITE, ITALIAN, MALE, CATHOLIC), DEPORTATION OFFICER, GS-1801-11, SAN PEDRO PROCESSING CENTER, LOS ANGELES DISTRICT, WESTERN REGION, IMMIGRATION AND NATURALIZATION SERVICE, DEPARTMENT OF JUSTICE, IN LOS ANGELES, CALIFORNIA, MAKE THE FOLLOWING STATEMENT FREELY AND VOLUNTARILY TO DAVID BUXTON, WHO HAS IDENTIFIED HIMSELF TO ME AS AN EEO CONTRACT INVESTIGATOR FOR THE DEPARTMENT OF JUSTICE, INVESTIGATING A COMPLAINT OF DISCRIMINATION FILED BY FRANK CARDARELLA, KNOWING THAT THIS STATEMENT IS NOT CONFIDENTIAL AND MAY BE SHOWN TO ANY INTERESTED PARTY. I HEREBY SOLEMNLY SWEAR:

**This is an addendum to my original affidavit, dated 16 September 1998.**

Q.   Do you have any response to the statements of Beverly Wilson?

A.   I just question whether Ms. Wilson actually put in the effort as she has described, including checking the applications and conferring with the interviewing officials. Due to the fact that this EEO process has taken so long, I do not expect that she would remember everything about my interview and applications, but it does not excuse the fact that two years ago she did have all the information in front of her. I believe my application and the information about me was not properly evaluated or considered. I am certain that there was a definite flaw somewhere in the evaluation system, from the interview and recommendation process to Ms. Wilson and up the line from there. I believe there was either an error in determining my rating as recommended or highly recommended, or a blatant disregard on the part of Ms. Wilson to the recommendations of the interviewing officials.

Q.   Do you have any response to the statements of Ralph Roldan?

A.   No. I feel he answered fairly and impartially, and at this point I have no reason to believe he was involved in any discrimination against me.

Q.   Do you have any response to the statements of Denise Lopez?

A.   I know that Ms. Lopez and the others are probably inundated with a lot of applications for various selections. However, it is difficult for me to believe that my application, with my education and experience, would not have stood out to her among those applying for this position. I think that if my

Page _1_ of _2_ pages                    Initials _FC_

99

education stood out to Mr. Roldan, then Ms. Lopez should have registered the same thing. It makes me wonder how people such as Ms. Lopez are selected to make these kinds of distinctions between applicants when they cannot recall significant differences such as I believe were evident in my application. I wonder if the agency seriously considers an employee's ability to make judgements about information in applications, and their ability to conduct interviews and make selection recommendations, if they cannot make a clear distinction between someone with my qualifications and others who are applying for such a low, entry level position. I feel I was clearly overqualified for the position, and I would think my qualifications would have easily stood out to Ms. Lopez.

Q.   Do you have any other information to provide?

A.   I maintain that there are serious flaws in the selection system. I am aware of another applicant for this same position, Michael Gassoway, who had been a GS-11 SWAT Commander in the BOP. He was also not selected, and in my mind that non-selection was even more ludicrous than my non-selection. They were hiring GS-5 Correctional Officers and people off the street over me and Lt. Gassoway, who is black and whose religion I do not know, and there is no way that these individuals could have more qualified for the position. Something went wrong somewhere, because I do not believe the best qualified candidates were selected.

I HAVE READ THE ABOVE STATEMENT CONSISTING OF  2  PAGES AND IT IS TRUE AND COMPLETE TO THE BEST OF MY KNOWLEDGE AND BELIEF. I UNDERSTAND THAT THE INFORMATION I HAVE GIVEN IS NOT TO BE CONSIDERED CONFIDENTIAL AND THAT IT MAY BE SHOWN TO THE INTERESTED PARTIES.

(Affiant's Signature)

SUBSCRIBED AND SWORN BEFORE ME

AT _San Pedro, CA_____, ON THIS

_23_ DAY OF _September_____ 1998

David S. Buxton
Contract EEO Investigator

Page _2_ of _2_ pages                    Initials _____

100

**PRIVACY ACT NOTICE TO COMPLAINT**
**FOR DISCRIMINATION COMPLAINT INVESTIGATION INTERVIEW**

<u>GENERAL</u>

This information is provided pursuant to Public Law 93-579 (Privacy Act of 1974), December 31, 1974, for individuals supplying information for inclusion in a system of records.

<u>AUTHORITY</u>

The authority to collect the information requested by this interview is derived from one or more of the following:

Title 5, Code of Federal Regulations, Sections 5.2 and 5.3; Title 29, Code of Federal Regulations, Section 1613/1614; Title 5, United States Code, Sections 1303 and 1304; title 42, United States Code, Section 2000e-16; and Executive Order 11478, as amended.

<u>PURPOSES AND USES</u>

The information you supply will be used along with data you supplied previously and information developed by investigation to resolve your equal employment opportunity discrimination complaint. This information may be furnished to designated officers and employees of agencies and departments of the Federal Government in order to resolve your equal employment opportunity discrimination complaint. The information may also be disclosed to any agency of the Federal Government having a working relationship with regard to EEO Commission activities, to the intelligence agencies of the Federal Government, or to others for uses as published in the Federal Register.

<u>EFFECTS OF NON-DISCLOSURE</u>

Disclosure of the information sought is voluntary. However, failure to furnish the information will result in your complaint being returned without action and being recommended for cancellation for failure to prosecute.

_David S. Smith_
**(Signature of Interviewer)**

_J. L. Vanderwell_
**(Signature of Complainant)**

_9-16-98_
**Date**

_El Monte, CA_
**Place**

101