GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
SEKRET T. SNEED (State Bar No. 217193)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone:  (213) 894-3551
    Facsimile:  (213) 894-7819
    E-mail:  sekret.sneed@usdoj.gov

Attorneys for Defendant
JANET NAPOLITANO, as Secretary of the
Department of Homeland Security

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| FRANK JOSEPH CARDERELLA,<br><br>    Plaintiff,<br><br>    v.<br><br>JANET NAPOLITANO, as Secretary of the Department of Homeland Security,<br><br>    Defendant. | No. CV09-8299 R (MANx)<br><br>DEFENDANT'S ANSWER TO INDIVIDUAL COMPLAINT FOR MONETARY AND INJUNCTIVE RELIEF FOR EMPLOYMENT DISCRIMINATION<br><br>Honorable Manuel L. Real |

COMES NOW defendant Janet Napolitano, as Secretary of the Department of Homeland Security ("Defendant"), and in answer to plaintiff Frank Joseph Carderella's ("Plaintiff") Complaint, and without waiving the below-listed Affirmative Defenses, admits, denies and alleges as follows:

1. In response to Paragraph 1 of the Complaint, Defendant admits that Plaintiff was not selected for the position of Immigration and Naturalization Service ("INS") Detention Enforcement Officer ("DEO") in September 1996. Defendant contends the remaining allegations in Paragraph 1 are prefatory statements, or characterizations of Plaintiff's claims, which do not require a response. To the extent any response is required, such allegations are denied.

2. In response to Paragraph 2 of the Complaint, Defendant admits that on January 29, 1997, Plaintiff filed a formal complaint of discrimination with INS and that the Office of Equal Employment Opportunity ("EEO") investigated Plaintiff's claim. Defendant further admits that in August 2008, the EEO notified Plaintiff that it could not locate his file and that, upon the EEO's request, Plaintiff submitted documents relevant to his claim. Defendant further admits that the United States Immigration and Customs Enforcement ("ICE") requested that the Office for Civil Rights and Civil Liberties ("CRCL") within the Department of Homeland Security issue a final agency decision regarding Plaintiff's claim, and that as of the date Plaintiff filed this action, the CRCL had not issued a final agency decision. Defendant denies the remaining allegations in Paragraph 2, except to the extent they constitute legal conclusions to which no answer is required.

3. In response to Paragraph 3 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies them, except to the extent that they constitute legal conclusions to which no answer is required.

4. In response to Paragraph 4 of the Complaint, Defendant admits the allegations therein.

5. In response to Paragraph 5 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies them, except to the extent that they constitute legal conclusions to which no answer is required.

6. In response to Paragraph 6 of the Complaint, Defendant admits the allegations therein.

7. In response to Paragraph 7 of the Complaint, Defendant contends that this Paragraph contains legal assertions regarding venue and/or jurisdictional basis which do not require an answer. To the extent any response is required, such allegations are denied.

8. In response to Paragraph 8 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies them, except to the extent that they constitute legal conclusions to which no answer is required.

9. In response to Paragraph 9 of the Complaint, Defendant admits the allegations therein.

10. In response to Paragraph 10 of the Complaint, Defendant admits that a DEO is a "covered" position. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations, i.e., whether "Plaintiff was willing to take a pay cut in order to qualify for that 'covered' position," and therefore denies them, except to the extent that they constitute legal conclusions to which no answer is required.

11. In response to Paragraph 11 of the Complaint, Defendant admits that Plaintiff was not selected for the DEO position. Defendant denies the remaining

allegations in Paragraph 11, except to the extent that they constitute legal conclusions to which no answer is required.

12.     In response to Paragraph 12 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein, and therefore denies, except to the extent that they constitute legal conclusions to which no answer is required.

13.     In response to Paragraph 13 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations therein and therefore denies them, except to the extent that they constitute legal conclusions to which no answer is required.

14.     In response to Paragraph 14 of the Complaint, Defendant denies the allegations therein, except to the extent that they constitute legal conclusions to which no answer is required.

15.     In response to Paragraph 15 of the Complaint, Defendant denies the allegations therein, except to the extent that they constitute legal conclusions to which no answer is required.

16.     In response to Paragraph 16 of the Complaint, Defendant denies the allegations therein, except to the extent that they constitute legal conclusions to which no answer is required.

17.     In response to Paragraph 17 of the Complaint, Defendant denies the allegations therein, except to the extent that they constitute legal conclusions to which no answer is required.

18.     In response to Paragraph 18 of the Complaint, Defendant admits the allegations therein.

19.     In response to Paragraph 19 of the Complaint, Defendant admits the allegations therein.

20. In response to Paragraph 20 of the Complaint, Defendant admits the allegations therein.

21. In response to Paragraph 21 of the Complaint, Defendant admits the allegations therein.

22. In response to Paragraph 22 of the Complaint, Defendant admits the allegations therein.

23. In response to Paragraph 23 of the Complaint, Defendant admits the allegations therein.

24. In response to Paragraph 24 of the Complaint, Defendant admits the allegations therein.

25. In response to Paragraph 25 of the Complaint, Defendant admits the allegations therein.

26. In response to Paragraph 26 of the Complaint, Defendant admits the allegations therein.

27. In response to Paragraph 27 of the Complaint, Defendant admits the allegations therein.

28. In response to Paragraph 28 of the Complaint, Defendant admits that as of November 10, 2009 – the date Plaintiff filed this action – Plaintiff had not received a final decision without hearing or further communications from the Department of Homeland Security.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

29. Plaintiff is barred from bringing any claim for which he did not timely file a formal EEO complaint or otherwise comply with the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

30. Plaintiff fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

31. With respect to any and all personnel actions of which Plaintiff complains, although such actions are not admitted hereby or herein, Defendant had at least one legitimate, nondiscriminatory, good faith, lawful and nonretaliatory reason.

## FOURTH AFFIRMATIVE DEFENSE

32. This Court lacks subject matter jurisdiction over this action in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

33. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

34. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

35. Plaintiff failed to mitigate damages.

## EIGHTH AFFIRMATIVE DEFENSE

36. Plaintiff's recovery, if any, must be reduced by any benefits compensating the same loss.

## NINTH AFFIRMATIVE DEFENSE

37. Some or all of plaintiff's claims are barred because they were voluntarily settled or abandoned.

## TENTH AFFIRMATIVE DEFENSE

38. Plaintiff may recover only those damages allowed under the law.  Plaintiff is not entitled to recover punitive or exemplary damages, or pretrial interest against Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE**

39. Plaintiff's compensatory damages, if any, are limited to $300,000.

**TWELFTH AFFIRMATIVE DEFENSE**

40. Defendant reserves the right to amend this Answer to assert such additional defense as may become apparent during the continuing course of discovery in this action.

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by way of his Complaint;

2. That Plaintiff's Complaint be dismissed with prejudice and judgment entered in favor of Defendant;

3. That Defendant be awarded its costs of suit incurred in this action; and,

4. For such other and further relief as the Court deems just and proper.

Dated: March 1, 2010

GEORGE S. CARDONA
Acting United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division


   /s/
SEKRET T. SNEED
Assistant United States Attorney

Attorneys for Defendant
JANET NAPOLITANO, as Secretary of the Department of Homeland Security

6