John A. Stillman, Esq. (SBN 43731)
Heidi Stilb Lewis, Esq., (SBN 98046)
GOOD, WILDMAN, HEGNESS & WALLEY
5000 Campus Drive
Newport Beach, California 92660
Telephone (949) 955-1100
Facsimile: (949) 833-0633


Attorneys for Plaintiff
Frank Joseph Carderella

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| FRANK JOSEPH CARDERELLA, | ) CASE NO.  CV 09-8299-R (MANx) |
| Plaintiff, | ) **EVIDENTIARY OBJECTIONS TO** |
| | ) **DECLARATIONS FILED BY** |
| vs. | ) **DEFENDANT IN SUPPORT OF ITS** |
| | ) **MOTION FOR SUMMARY** |
| JANET NAPOLITANO, as Secretary | ) **JUDGMENT OR IN THE** |
| of the Department of Homeland | ) **ATERNATIVE SUMMARY** |
| Security | ) **ADJUDICATION** |
| | ) |
| Defendant. | ) DATE: |
| | ) TIME: |
| | ) DEPT.: |
| | ) |
| _____ | ) |

Plaintiff Frank Carderella hereby respectfully submits the following

1

EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY DEFENDANT IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ATERNATIVE SUMMARY
ADJUDICATION

evidentiary objections to the declarations submitted by Defendant in support of ist Motion for Summary Judgment or in the alternative Summary Adjudication:

1. **Declaration of Sekret Sneed dated August 17,2010 ¶ 3 Lines 13-17 :**

" Attached hereto as Exhibit B is a true and correct copy of the Immigration and Naturalization Service ("INS") Workforce Profile Summary as of March 31, 1997, from the Report of Investigation submitted to the INS on December 14, 1998(sic), which Plaintiff admitted as genuine in his Responses to Defendant's First Set of Request for Admission."

**Objection:** This evidence is objected to on the grounds it Ms. Sneed lacks personal knowledge and thus her statement lacks foundation. (*FRE 602*) Further, the evidence is objected to on the grounds it identifies reports that are derived from inadmissible hearsay and does not attach the Responses to the Responses to the Requests for Admission wherein Plaintiff purportedly made this irrelevant admission.

2. **Declaration of Linda M. Smithson dated August 17, 2010 ¶2 Lines 16-18:**

"Moreover, based on file retention schedules for vacancy announcements during this time, any such records or files appear to have been destroyed."

**Objection:** This evidence is objected to on the grounds that the declarant admittedly lacks personal knowledge and is merely speculating that the records were destroyed in accordance with a two year retention procedure. ( *FRE 602*) Moreover, Kamala Hampton of the INS testified that the INS had a policy at this time that upon notice of a discrimination claim, the records and files relating to the same must be preserved. (see excerpts of the deposition of Kamala Hampton attached to the declaration of John A. Stillman filed in support of this opposition.)

**3. Declaration of Linda M. Smithson dated August 17, 2010 ¶ 4 Lines 5-7:**

"Since the relevant vacancy announcement occurred in 1995-1996, these records are past the two year retention schedule under any of the applicable policies and appear to have been destroyed in accordance with that schedule."

**Objection**: This evidence is objected to on the grounds it clearly lacks foundation and is speculative based on the declarant's prior statements in the declaration that she has no personal knowledge and she does not have any documents to review to make the statement because the documents were by her own admission destroyed.(*FRE 602*)

**4. Declaration of Beverly Wilson dated August 18, 2010 ¶3 Lines 12-15:**

"I apparently made the final recommendations for the selection of individuals to fill the DEO vacancy that Plaintiff applied for, but I do not remember any specific information regarding this DEO vacancy announcement."

**Objection:** This evidence is objected to on the grounds that she lacks personal knowledge and or recollection by her own admission and thus the statement lacks foundation.( *FRE 602* ) Moreover, it appears she is relying on inadmissible hearsay (*FRE 802* )

**5. Declaration of Beverly Wilson dated August 18, 2010 ¶¶ 4-7 pgs 1-2:**

"4. While I do not specifically remember the selection process followed for this DEO vacancy announcement, to the best of my recollection, INS's custom and practice for selecting DEOs in which I was involved as Deputy Assistant District Director during this time period was as follows:

5. First, the INS personnel office would review the applications and create

3

a list of qualified applicants, i.e., those individuals who met specific criteria for the position.  Second, the administrative assistants or supervisory detention enforcement officers would contact the applicants to arrange interviews.  Before any interviews were conducted, however, a list of questions relevant to the position was created for the interview panels to ask each applicant.  Each interview panel consisted of two to three INS employees.  The panels were not allowed to deviate from the list of questions because we wanted to make certain that each applicant was asked the same questions, regardless of who was on the panel.

6.   The panels then would interview the applicant based on the list of set questions.  Each interviewing official on the panel would complete a written evaluation regarding the applicant and also submit a written recommendation for each applicant: "not recommend," "recommend" or "highly recommend."  These evaluations and recommendations then would be forwarded to me for final recommendations.

7.   The applications of those individuals who had been graded "highly recommended" by the interviewing officials were submitted to the District Director, who at the time of the incident alleged in the Complaint, was Richard Rogers.  Director Rogers generally would concur and authorize selections based on the final recommendations."

4

EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY DEFENDANT IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ATERNATIVE SUMMARY
ADJUDICATION

**Objection:** This evidence is objected to on the grounds that her statements in this regard are not based on personal knowledge because she admittedly does not have any specific recollection. Instead she asserts that based on her custom and practice that this is probably what she would have done. But she also lays no foundation for the custom and practice. These statements are therefore incompetent. (*FRE 602*)

### 6.   Declaration of Beverly Wilson dated August 18, 2010 ¶ 10 pgs 2-3

"10.  It was my custom and practice, however, to never make any decisions for hiring or selection based on any prohibited characteristics, like race, national origin, religion or sex. Further, it was my custom and practice to consider the recommendations from the interviewing officials and to verify that those applicants recommended by the interviewing officials met the minimum qualifications for the position.  The interviewing officials' recommendations never included any information regarding an individual's race, national origin or religion, and I never attempted to discover this information in any way prior to, during, or after making a decision for hiring or selection.  I always followed this custom and practice in making final recommendations for hiring, and as a result, I know that I followed such custom and practice in hiring for the vacancy announcement that plaintiff applied for."

EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY DEFENDANT IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ATERNATIVE SUMMARY
ADJUDICATION

**Objection:** This evidence is objected to on the grounds that her statements in this regard are not based on personal knowledge because she admittedly does not have any specific recollection. Instead she asserts that based on her custom and practice that this is probably what she would have done. But she also lays no foundation for the custom and practice. These statements are therefore incompetent. (*FRE 602*)

Respectfully Submitted,

Dated:  August 30, 2010         GOOD, WILDMAN, HEGNESS & WALLEY

By: _____
John A. Stillman, Esq.
Attorneys for Frank Joseph Carderella

EVIDENTIARY OBJECTIONS TO DECLARATIONS FILED BY DEFENDANT IN SUPPORT OF
ITS MOTION FOR SUMMARY JUDGMENT OR IN THE ATERNATIVE SUMMARY
ADJUDICATION