John A. Stillman, Esq. (SBN 43731)
Heidi Stilb Lewis, Esq., (SBN 98046)
GOOD, WILDMAN, HEGNESS & WALLEY
5000 Campus Drive
Newport Beach, California 92660
Telephone (949) 955-1100
Facsimile: (949) 833-0633

Attorneys for Plaintiff Frank Joseph Carderella

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| FRANK JOSEPH CARDERELLA, | ) CASE NO.  CV 09-8299 R (MANx) |
| | ) |
| Plaintiff, | ) **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES IN SUPPORT OF** |
| vs. | ) **MOTION FOR IMPOSITION OF** |
| | ) **ISSUE-RELATED SANCTIONS/** |
| JANET NAPOLITANO, as Secretary | ) **EVIDENTIARY SANCTIONS** |
| of the Department of Homeland | ) **(ADVERSE INFERENCE** |
| Security | ) **SANCTION AND/OR SANCTION** |
| | ) **DEEMING FACT ESTABLISHED** |
| Defendant. | ) **AND/OR EXCLUSIONARY** |
| | ) **SANCTION)** |
| | ) |
| | ) Date:  October 12, 2010 |
| | ) Time:  9:00 a.m. |
| | ) Ctrm:  Spring Street Courthouse |
| | )          312 North Spring Street, Ctrm 8 |
| | )          Los Angeles, California 90012 |
| | ) |
| | ) Trial Date:  October 19, 2010 |
| | ) Time:  9:00 a.m. |
| | ) Ctrm:  Spring Street Courthouse |
| | )          312 North Spring Street, Ctrm 8 |
| | )          Los Angeles, California 90012 |
| | ) |
| _____ | ) Honorable Manuel L. Real |

# **TABLE OF CONTENTS**

**Page#**

TABLE OF AUTHORITIES………………………………………………….…ii

I.     INTRODUCTION………………………………………………………....1

II.    STATEMENT OF RELEVANT UNDISPUTED FACTS……..……….…..2

III.   LEGAL ARGUMENT…………………………………………………….3

       A.    THIS COURT HAS THE INHERENT POWER TO REGULATE THE COURSE OF THE PROCEEDINGS BEFORE IT, INCLUDING THE POWER TO IMPOSE CERTAIN SANCTIONS FOR A PARTY'S FAILURE TO PRESERVE EVIDENCE……………………………………………………....3

       B.    AS A RESULT OF DEFENDANT'S SPOLIATION OF EVIDENCE, AN ADVERSE INFERENCE SANCTION FOR DEFENDANT'S FAILURE TO PRESERVE RELEVANT EVIDENCE RELATING TO DEFENDANT'S ALLEGED DISCRIMINATION OF PLAINTIFF IS PROPER……………………………………………………....5

       C.    AS A RESULT OF DEFENDANT'S SPOLIATION OF EVIDENCE, AN ISSUE-RELATED SANCTION DEEMING THE ALLEGED DISCRIMINATION ESTABLISHED IS PROPER.....13

       D.    AS A RESULT OF DEFENDANT'S SPOLIATION OF THE EVIDENCE, AN EVIDENTIARY SANCTION EXCLUDING ANY EVIDENCE DEFENDANT OFFERS TO REFUTE THE ALLEGE DISCRIMINATION IS PROPER……………………….13

IV.   CONCLUSION…………………………………………………………....14

i

1

# **TABLE OF AUTHORITIES**

2

**Cases** **Page#**

3

4

*ABC Home Health Serv. Inc. v. IBM Corp.*
       158 F.R.D. 180, 182 *(*S.D. Ga. 1994)..............................................10

5

6

*Akiona v. United States*
       938 F.2d 158, 161 (9th Cir. 1991), *cert. denied,* 503 U.S. 962 (1992) ...…5

7

8

*Alexander v. National Farmers Org.*
       687 F.2d 1173 (8th Cir.1982) ...................................…....12

9

10

*Baliotis v McNeil*
       870 F.Supp. 1285, 1290 (M.D. Pa. 1994)...................…...………....…4

11

12

*Bayoil, S.A. v. Polembros Shipping Ltd.*
       196 FRD 479, 482 (SD TX 2000)...........................…....…3,13

13

14

*Byrnie v. Town of Cromwell, Board of Education*
       243 F.3d 93, 107-12 (2d Cir.2001) ..............................…..7,9

15

16

*Campbell Indus. v. M/V Gemini*
       619 F.2d 24, 27 (9th Cir. 1980) .................................14

17

18

*Chambers v. NASCO, Inc.*
       501 U.S. 32, 43...........................…..14

19

20

*Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.*
       C 06-3359 JF (RS), 2009 WL 1949124 (N.D. Cal. July 2, 2009)
       modified, C 06-3359 JF (RS), 2009 WL 2485556
       (N.D. Cal. Aug. 12, 2009) .................................3,10,11,12,13

21

22

23

24

*Glover v. BIC Corp.*
       6 F.3d 1318, 1329 (9th Cir. 1993) ..........................…..4,5,10

25

26

*Kronisch v. United States*
       (2nd Cir. 1998) 150 F.3d 112, 130..............................7,8

27

28

ii

*In re Napster, Inc.*
    462 F.Supp.2d 1060, 1078 (N.D. Cal.2006)............................3,6,8,10

*McDonnell Douglas Corp. v. Green*
    (1973) 411 U.S. 792, 802...............................................6

*Nat'l Ass'n of Radiation Survivors v. Turnage*
    115 F.R.D. 543, 556-57 (N.D.Cal.1987)(Patel, J.) ...................4,11,12

*Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.*
    682 F.2d 802, 806 (9th Cir.1982) ....................................11

*Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*
    264 F.R.D. 517, 523-24 (N.D. Cal. 2009) ............................4

*Reilly v. Natwest Markets Group*
    181 F.3d 253, 267-68 (2nd Cir 1999).................................8

*Residential Funding Corp. v. DeGeorge Fin'l Corp.*
    306 Fed 3d 99 (2nd Cir. 2002).................................3,6,7,8,9,10,13

*Sensonics, Inc. v. Aerosonic Corp.*
    (F.Cir.1996) 81 F3d 1566, 1575......................................7

*Shepard v. American Broad Co., Inc.*
    (D.C. Cir. 1995) 62 F.3d 1469, 1478) (2nd Cir. 2002).................13

*Toste v. Lewis Controls, Inc.*
    C-95-01366-MHP, 1996 WL 101189 (N.D. Cal. Feb. 27, 1996) ..........14

*Turner v. Hudson Transit Lines, Inc.*
    142 F.R.D. 68, 75 (S.D.N.Y.1991) ...................................8

*Unigard Security Ins. Co. v. Lakewood Eng. & MFG. Corp.*
    (9th Cir. 1992) 982 F2d 363, 365....................................4,5,14

*West v. Goodyear Tire & Rubber Co.*
    (2nd Cir. 1999) 167 F3d 776, 779....................................4

iii

1

2   *William T. Thompson v. General Nutrition Corp.*
        (C.D. Cal. 1984) 593 F. Supp. 1443, 1455.....................................10
3

4   *World Courier v. Barone*
        No. C06-3072 TEH, 2007 WL 1119196,
5       at *1 (N.D.Cal. April 16, 2007)..........................................3,6,9,10
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION...

# I.

# INTRODUCTION

Plaintiff Frank Carderella has filed an action against Defendant for the INS' discrimination against Plaintiff in filling vacant DEO positions in violation of Title VII. To establish a *prima facie* case of disparate treatment in hiring under Title VII, a plaintiff must demonstrate: (1) he is a member of a protected class; (2) he applied for and was qualified for the position at issue; (3) he was denied employment, despite his qualifications; and (4) the position remained open and the INS sought other similarly-qualified individuals outside the plaintiff's protected class.

Defendant does not dispute that Plaintiff Carderella was a member of a protected class Carderella applied for and was qualified for the Detention Enforcement Officer ("DEO") position and Carderella was not selected for the DEO position despite his qualifications. Defendant does maintain, however, that Plaintiff cannot prove that another individual with similar qualifications outside Plaintiff's protected class of a white Catholic male was selected for the vacant DEO position because the records and files relating to the filling of said vacancy have been destroyed by Defendant. Moreover, those individuals who participated in the discriminating selection process don't have any specific recollection of what individuals were selected over Plaintiff for the DEO position.

Clearly, Plaintiff has been prejudiced by the destruction of said evidence in that the same is necessary to establish the alleged discrimination. Defendant, being in sole possession and control of these records, had both a legal and internal duty to preserve the records and files relevant to Plaintiff's alleged discrimination claim upon first receiving notice of the same on September 25, 1996.  Yet, Defendant knowingly destroyed these relevant records and files.

Under such circumstances this court has the inherent power to issue certain

1

issue related and/or evidentiary sanctions including: (1) an adverse inference: (2) deeming the alleged fact of discrimination established; and/or (3) excluding any evidence Defendant offers to attempt to refute Plaintiff's discrimination claim.

For these reasons and those hereinafter set forth, this court may properly issue an adverse inference sanction that the destroyed evidence would have likely supported Plaintiff's discrimination claim. The court may also issue a sanction deeming the alleged discrimination established as a fact and a sanction excluding any evidence that Defendant attempts to offer to refute the alleged discrimination.

## II.

## STATEMENT OF RELEVANT UNDISPUTED FACTS

Plaintiff applied in November 1995 for a DEO position with the U.S. Immigrations and Naturalization Service ("INS"). At all relevant times, Plaintiff was qualified for the position of DEO. On September 15, 1996, the selecting officer did not select Plaintiff for the DEO position. On September 25, 1996, Plaintiff notified the INS that he believed the INS had discriminated against him on the basis of race, national origin, religion or sex. On January 29, 1997, Plaintiff timely filed a Complaint of discrimination (hereinafter" Complaint") with the U.S. Department of Justice-Immigration and Naturalization Service Office of Equal Employment Opportunity (hereinafter U.S. Justice Department"). At the time Plaintiff notified the INS of the discrimination, the INS had a policy that upon notice of any claim for discrimination that the records and files relating to the alleged discrimination must be preserved. The INS and its affiliated departments, including Personnel Management also had as a matter of law an "uncompromising duty to preserve" what they knew or reasonably should have known would be relevant evidence in a pending action and likely future litigation regarding the same, even though no discovery request or order to preserve the evidence has yet been made. Despite Plaintiff's September 25, 1996 notification

2

of discrimination, Plaintiff's filing of the discrimination Complaint and the corresponding duty to preserve the records relevant to the same, the INS Office or Office of Personnel Management, who had sole possession and control of the records relevant to the filling of the vacant DEO position, destroyed the same allegedly in accordance with a purported two-year retention policy. As a consequence, Defendant currently has no records regarding the filling of the DEO position vacancy. As a result of the destruction of the records relating to the filling of the DEO position vacancy, Plaintiff has been deprived of the ability to prove the alleged discrimination and/or opportunities to establish additional favorable proof to the substantial prejudice of the Plaintiff. Moreover, none of the INS employee's privy to the subject alleged discriminatory selection process has a recollection of the same.  (See Declarations of John A. Stillman, Frank Carderella and Request for Judicial Notice filed concurrently herewith.)

## III.

## LEGAL ARGUMENT

**A.    THIS COURT HAS THE INHERENT POWER TO REGULATE THE COURSE OF THE PROCEEDINGS BEFORE IT, INCLUDING THE POWER TO IMPOSE CERTAIN SANCTIONS FOR A PARTY'S FAILURE TO PRESERVE EVIDENCE**

Absent a prior court order or statutory authority, this court has the inherent power to impose certain sanctions for spoliation of evidence. *Residential Funding Corp. v. DeGeorge Fin'l Corp* 306 F. 3d 99 (2nd Cir. 2002); *World Courier v. Barone,* No. C 06-3072 TEH, 2007 WL 1119196, at *1 (N.D.Cal. April 16, 2007); *In re Napster, Inc.,* 462 F.Supp.2d 1060, 1078 (N.D.Cal.2006); *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.,* C 06-3359 JF (RS), 2009 WL 1949124 (N.D. Cal. July 2, 2009) modified, C 06-3359 JF (RS), 2009 WL 2485556 (N.D. Cal. Aug. 12, 2009)*; Bayoil, S.A. v. Polembros Shipping Ltd.* (SD

TX 2000) 196 FRD 479, 482; *Unigard Security Ins. Co. v. Lakewood Eng. & MFG. Corp.* (9th Cir. 1992) 982 F2d 363, 365. It is the purpose, in part, of such sanctions to place the risk of associated with the destruction of evidence on the party who wrongfully created the risk and to restore the prejudiced party to the position he would have been in but for the spoliation. (*West v. Goodyear Tire & Rubber Co.* (2nd Cir. 1999) 167 F3d 776, 779.)

Further, as the court noted in , *Realnetworks, Inc. v. DVD Copy Control Ass'n. Inc.*, 264 F.R.D. 517, 523-24 (N.D. Cal. 2009):

> "A party's destruction of evidence need not be in "bad faith" to warrant a court's imposition of sanctions. *Glover,* 6 F.3d at 1329; *Unigard,* 982 F.2d at 368 n. 2. **District courts may impose sanctions against a party that merely had notice that the destroyed evidence was potentially relevant to litigation.** *See Glover,* 6 F.3d at 1329; *Akiona,* 938 F.2d at 161; *cf. Unigard,* 982 F.2d at 368 n. 2 (sanctions may be imposed for "willfulness or fault by the offending party")...."
>
> **"As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.** *Nat'l Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 556-57 (N.D.Cal.1987) (Patel, J.); *Baliotis,* 870 F.Supp. at 1290; *see also Unigard,* 982 F.2d at 365, 369...." (Emphasis Added.)

Based on this court's inherent power to issue sanctions for spoliation of evidence, Frank Carderella respectfully seeks, as herein after set forth, issue-related sanctions consisting of an adverse inference sanction and/or a sanction that the alleged discrimination be deemed established as a fact for purpose of these proceedings and/or an evidentiary sanction that any evidence proffered by Defendant to refute the Plaintiff's discrimination claim be excluded.

///

///

**B.     AS A RESULT OF DEFENDANT'S SPOLIATION OF EVIDENCE, AN ADVERSE INFERENCE SANCTION FOR DEFENDANT'S FAILURE TO PRESERVE RELEVANT EVIDENCE RELATING TO DEFENDANT'S ALLEGED DISCRIMINATION OF PLAINTIFF IS PROPER**

The facts are undisputed that the INS destroyed the records and files relevant to its alleged discrimination of Plaintiff in connection with the filling of vacant DEO position. This destruction of evidence occurred after the INS had received notice of Plaintiff's claim of discrimination and despite its internal policy that such records should be preserved upon notice of a claim of discrimination relating to the same.

Under such circumstances, this court has the inherent power to impose an adverse inference sanction against Defendant for spoliation of evidence.  In this regard, the district courts' inherent power to sanction may be invoked in response to destruction of evidence. If, as herein, the defendant breaches its duty to preserve evidence, the plaintiff may move the court to sanction the party destroying evidence in the form of an adverse inference. *See Unigard Security Ins. Co. v. Lakewood Eng. & MFG. Corp.* (9th Cir. 1992) 982 F2d 363, 365 wherein the court noted in relevant part:

> "… (a) court can instruct the jury that it may draw an inference adverse to the party or witness responsible for destroying the evidence. *See Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993); *Akiona v. United States,* 938 F.2d 158, 161 (9th Cir. 1991), *cert. denied,* 503 U.S. 962 (1992)."

Frank Carderella has filed a claim for discrimination against the INS in connection with the INS' selection of an individual outside Plaintiff's protected class with similar qualifications for the vacant DEO position.

To establish a *prima facie* case of disparate treatment in hiring under Title VII, a Plaintiff must demonstrate: (1) he is a member of a protected class; (2) he

5

applied for and was qualified for the position at issue; (3) he was denied employment, despite his qualifications; and (4) the position remained open and the INS sought other similarly-qualified individuals outside the plaintiff's protected class. *McDonnell Douglas Corp. v. Green* (1973) 411 U.S. 792, 802 Defendant does not dispute that Plaintiff satisfies the first three *McDonnell* criteria to establish discrimination (i.e. Carderella was a member of a protected class, Carderella applied for and was qualified for the DEO position and Carderella was not selected for the DEO position despite his qualifications.) As to the fourth element, Carderella respectfully submits that an adverse inference is proper based on the INS' spoliation. In this regard, the records and files destroyed by the INS would have supported the fourth *McDonnell* requirement that after the INS refused to select Plaintiff for the DEO position, said position remained open and another individual similarly qualified outside Carderella's protected class was selected thereby establishing a *prima facie* case of disparate treatment in hiring under Title VII.

In *Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002) the Second Circuit proscribed a three-part test for determining the propriety of an adverse inference. Several district courts in California have used the Second Circuit's three-part test set forth in *Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002), to determine whether an adverse inference instruction is appropriate for spoliation. *See, e.g., World Courier v. Barone,* No. C 06-3072 TEH, 2007 WL 1119196, at *1 (N.D.Cal. April 16, 2007). *In re Napster, Inc.,* 462 F.Supp.2d 1060, 1078 (N.D.Cal.2006). The three-part test requires that the party seeking an adverse inference instruction establish that: (1) the party having control over the evidence had an obligation to preserve it; (2) the records were destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense.

As to the first element, litigants have an "uncompromising duty to preserve" what they knew or reasonably should have known would be relevant evidence in a pending action and likely future litigation regarding the same, even though no discovery request or order to preserve the evidence has yet been made. Violation of this duty is known as "spoliation."(See *Sensonics, Inc. v. Aerosonic Corp.* (Fed.Cir. 1996) 81 F3d 1566, 1575; see also *Kronisch v. United States* (2nd Cir. 1998) 150 F.3d 112, 130.)

The "culpable state of mind" factor is satisfied by a showing that the evidence was destroyed "knowingly, even if without intent to [breach a duty to preserve it], or negligently." *Byrnie v. Town of Cromwell,* 243 F.3d 93, 107-12 (2d Cir.2001) (emphasis added)."(*Id.* 109)

With respect to the requirement of establishing the relevancy of the destroyed records, the court in *Residential* noted in this regard, that:

"...the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that 'the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction.' *Kronisch,* 150 F.3d at 127; *Byrnie,* 243 F.3d at 110. **Courts must take care not to 'hold[ ] the prejudiced party to too strict a standard of proof regarding the likely contents of the destroyed [or unavailable] evidence,' because doing so 'would subvert the ... purposes of the adverse inference, and would allow parties who have ... destroyed evidence to profit from that destruction.'** *Kronisch,* 150 F.3d at 128; *Byrnie,* 243 F.3d at 110.

Where a party destroys evidence in bad faith, that bad faith alone is sufficient circumstantial evidence from which a reasonable fact finder could conclude that the missing evidence was unfavorable to that party. S*ee, e.g., Kronisch,* 150 F.3d at 126 ('**It is a well-established and long-standing principle of law that a party's intentional destruction of evidence relevant to proof of an issue at trial can support an inference that the evidence would have been unfavorable to the party responsible for its destruction.**'). Similarly, a showing of gross negligence in the destruction or

untimely production of evidence will in some circumstances suffice, standing alone, to support a finding that the evidence was unfavorable to the grossly negligent party. *See Reilly*, 181 F.3d at 267-68. Accordingly, where a party seeking an adverse inference adduces evidence that its opponent destroyed potential evidence (or otherwise rendered it unavailable) in bad faith or through gross negligence (satisfying the "culpable state of mind" factor), t**hat same evidence of the opponent's state of mind will frequently also be sufficient permit a jury to conclude that the missing evidence is favorable to the party (satisfying the 'relevance' factor)."** (Emphasis Added.)

The court in *Residential* held that said adverse inference is even available in circumstances of negligent destruction of evidence, noting in pertinent part:

"The sanction of an adverse inference may be appropriate in some cases involving the negligent destruction of evidence because each party should bear the risk of its own negligence. As Magistrate Judge James C. Francis, IV aptly put it; [The] sanction [of an adverse inference] should be available even for the negligent destruction of documents if that is necessary to further the remedial purpose of the inference. It makes little difference to the party victimized by the destruction of evidence whether that act was done willfully or negligently. T**he adverse inference provides the necessary mechanism for restoring the evidentiary balance. The inference is adverse to the destroyer not because of any finding of moral culpability, but because the risk that the evidence would have been detrimental rather than favorable should fall on the party responsible for its loss.** *Turner v. Hudson Transit Lines, Inc.,* 142 F.R.D. 68, 75 (S.D.N.Y.1991). *See generally Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998) (stating that an adverse inference instruction serves the remedial purpose, "insofar as possible, of restoring the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party")." (Emphasis Added.)

*In re Napster, Inc.,* 462 F.Supp.2d 1060, 1078 (N.D.Cal.2006) *supra* the court relied on the *Residential* three-part test to justify the application of an adverse inference, "Hummer deleted Napster-related communications which it

had a duty to preserve, knowing that such a duty existed. Hummer's conduct amounts to gross negligence, if not willfulness, which is sufficient culpability to justify an adverse inference."

In *World Courier v. Barone*, C 06-3072 TEH, 2007 WL 1119196 (N.D. Cal. Apr. 16, 2007) the court also relied on the *Residential* factors in applying an adverse inference.

> "Here, Plaintiff has satisfied each of these elements. First, Defendant Barone was on notice of the potential relevance of the evidence to the instant litigation as early as May 8, 2006, prior to the destruction of the hard drive, when she spoke with Marken's counsel regarding the ACT database. Decl. of Turner P. Smith, Ex. F, D. Barone Tr. 9-10. Indeed, Defendant Barone acknowledged that she knew that she should not destroy any documents or data that may be relevant to the lawsuit. *Id.* at 22-23. Second, the "mental culpability" factor is satisfied where the party acted "knowingly or ... negligently." *Residential Funding Corp.,* 306 F.3d at 108 (quoting *Byrnie v. Town of Cromwell,* 243 F.3d 93, 109 (2d Cir.2001)). Here, the evidence indicates that Doneen was at least negligent and more likely knowingly willful, in failing to prevent the spoliation of relevant evidence by her husband. Third, the hard drive was relevant because it contained a copy of the ACT database, the very data that forms the basis for Plaintiff's claim of misappropriation of trade secrets. Accordingly, the Court concludes that an adverse inference instruction would be appropriate in this case."

The imposition by this court of an adverse inference in the form of a jury instruction or otherwise, is appropriate under the three-part test utilized by the court in *Residential*. First, Defendant having been put on notice of the discrimination claim and the reasonable probability of litigation relating to the same, had both a legal and internal duty to preserve the evidence at the time it was destroyed. Second, the record's were destroyed with a "culpable state of mind" because the INS admits it knowingly destroyed the records allegedly in accordance with a purported two-year retention policy – this despite its own

internal policy to preserve said evidence upon notice of a discrimination claim related to the same. Further, the destroyed evidence is relevant to Plaintiff's claim of discrimination based on the same evidence that is necessary to establish the culpable state of mind of defendant discussed *supra*. Finally,  "…**whether or not there is a business justification for destroying documents, it is sanctionable** to destroy documents when a party 'is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence.'" (*ABC Home health Serv. Inc. v. IBM Corp.(* S.D. Ga. 1994) 158 F.R.D. 180, 182 *quoting William T. Thompson v. General Nutrition Corp.* (C.D. Cal. 1984) 593 F. Supp. 1443, 1455.) (Emphasis Added.)

The court in *Dong Ah Tire & Rubber Co., Ltd. v. Glasforms, Inc.,* C 06-3359 JF (RS), 2009 WL 1949124 (N.D. Cal. July 2, 2009) modified, C 06-3359 JF (RS), 2009 WL 2485556 (N.D. Cal. Aug. 12, 2009), applied other factors in determining the propriety of an adverse inference, specifically,  an adverse inference " is appropriate if spoliation of evidence occurs where: (1) the evidence is destroyed after a party receives some notice that the material was potentially relevant to the litigation; and (2) prejudice to the opposing party ensues." However, "'[o]nly a "minimum link of relevance" is required to permit the use of an adverse inference instruction. *Glover v. BIC Corp.,* 6 F.3d 1318, 1329 (9th Cir. 1993)" (Id.)

In so holding, the court in *Dong* acknowledged that several district courts in California have used the Second Circuit's three-part test as set forth in *Residential Funding Corp. v. Degeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002), to determine whether an adverse inference instruction is appropriate for spoliation, citing  *World Courier v. Barone,* No. C 06-3072 TEH, 2007 WL 1119196, at *1 (N.D.Cal. April 16, 2007 and *In re Napster, Inc.,* 462 F.Supp.2d 1060, 1078 (N.D.Cal.2006) *supra*).

*Dong* also recognized, "in the Ninth Circuit, spoliation of evidence raises a presumption that the destroyed evidence goes to the merits of the case, and further, that such evidence was adverse to the party that destroyed it" citing *Phoceene Sous-Marine, S.A. v. U.S. Phosmarine, Inc.,* 682 F.2d 802, 806 (9th Cir.1982); *see Nat'l Ass'n of Radiation Survivors v. Turnage,* 115 F.R.D. 543, 557 (N.D.Cal.1987) ( "Where one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party.").

The court found in *Dong*,

"Taishan's destruction of evidence is not in dispute, thereby precluding Glasforms from any opportunity to inspect the materials. Indeed, many records from exactly the time frame when the fiberglass at issue was manufactured, the very evidence that a jury could be expected to weigh in determining the source of any contamination, has been destroyed. The disappearance of the graphite rollers, for example, renders a reliable determination of the cause of the contamination difficult. As noted above, given such conduct, it is within the Court's discretion to determine that an adverse inference instruction is warranted to cure the prejudice arising in the context of this case. (Citations omitted.).Taishan's refusal to preserve evidence supports the "common sense proposition" that those communications were unhelpful to its case. The Court finds that Taishan's failure to preserve documents after litigation was anticipated, and its failure to comply with its own document retention policy, warrants adverse inference jury instructions for the materials identified above."

In applying the factors in *Dong*, the Defendant herein does not dispute that the records and files relevant to the filling of the DEO vacancy were knowingly destroyed by the INS after notice of Plaintiff's discrimination claim. As a result, it acknowledges it has no documents relating to the filling of the vacant DEO position. Further, the INS individuals who participated in the ultimate selection for the subject DEO positions have no specific recollection regarding the same.

Consequently, Carderella is left in a position of being unable to show by direct evidence and/or even circumstantial evidence the INS' discrimination in not selecting Carderella for one of the vacant DEO positions. Certainly, as in *Dong*, the Plaintiff herein has been unfairly prejudiced by the INS' failure to maintain the records pertaining to the filling of the DEO vacancy.  Under *Dong* an adverse inference that the destroyed records would have supported Plaintiff's discrimination claim is therefore appropriate because 1) the evidence was destroyed after the September 25, 1996 notice of discrimination and the filing of the Complaint which put the INS on notice that any records relating to the announcement of the vacancy and filling the vacancy was potentially relevant to Carderella's discrimination claim  and any future litigation which was likely to result if his administrative Complaint failed to result in the prayed for redress; and 2) prejudice to Carderella has obviously ensued.

Finally, in *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 557 (N.D. Cal. 1987) the court noted in applying an adverse inference, "**Needless to say, plaintiffs should not suffer because of this. Where one party wrongfully denies another the evidence necessary to establish a fact in dispute, the court must draw the strongest allowable inferences in favor of the aggrieved party**. (Citations omitted.) As the court in *Alexander v. National Farmers Org.,* 687 F.2d 1173 (8th Cir.1982), *cert. denied,* 461 U.S. 937, 938, 103 S.Ct. 2108, 2110, 77 L.Ed.2d 313, 314 (1983), observed, **[o]bviously, the relevance of and resulting prejudice from destruction of documents cannot be clearly ascertained because the documents no longer exist. Under the circumstances, [the culpable party] can hardly assert any presumption of irrelevance as to the destroyed documents…**" (Emphasis Added.)

Thus, whether this court applies the test set forth in *Residential* or the factors relied on by the court in *Dong*, an adverse inference is properly applied in

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION…

these proceedings that the destroyed evidence would have supported Plaintiff's discrimination claim.

### C. AS A RESULT OF DEFENDANT'S SPOLIATION OF EVIDENCE, AN ISSUE-RELATED SANCTION DEEMING THE ALLEGED DISCRIMINATION ESTABLISHED IS PROPER

Frank Carderella further seeks for Defendant's spoliation of evidence an issue-related sanction deeming the alleged discrimination of Plaintiff established for purposes of these proceedings. "Under its inherent power, a Court may impose the sanctions of striking a defense or deeming a fact as established when a 'preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue.'" ( See *Bayoil , S.A. v. Polembros Shipping Ltd.* supra 196 FRD at 482 *quoting Shepard v. American Broad Co., Inc.* (D.C. Cir. 1995) 62 F.3d 1469, 1478) Accordingly, a sanction deeming the Defendant's alleged discrimination established as follows is proper:

> " Defendant denied an employment opportunity to Plaintiff when on September 15, 1996, Plaintiff was not selected, despite his qualifications, for the position of Detention Enforcement Officer, GS-7 because of Plaintiff's race (white), sex (male), religion (Catholic) and national origin (Italian)."

### D. AS A RESULT OF DEFENDANT'S SPOLIATION OF THE EVIDENCE, AN EVIDENTIARY SANCTION EXCLUDING ANY EVIDENCE DEFENDANT OFFERS TO REFUTE THE ALLEGE DISCRIMINATION IS PROPER

The Plaintiff also seeks based on Defendant's spoliation of this critical evidence an evidentiary sanction to exclude any evidence that the Defendant attempts to introduce to refute the alleged discrimination. "The district courts' inherent power to sanction may be invoked in response to destruction of evidence. If a [defendant] breaches its duty to preserve evidence, the [plaintiff]

13

may move the court to sanction the party destroying evidence." *See Unigard*, 982 F.2d at 365.

See also *Toste v. Lewis Controls, Inc.*, C-95-01366-MHP, 1996 WL 101189 (N.D. Cal. Feb. 27, 1996) wherein the court noted in this regard in citing *Unigard*

> "District courts may impose sanctions as part of their inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, *reh'g denied*, 501 U.S. 1269 (1991); *see also Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.2d 363, 368 (9th Cir. 1992) (excluding evidence as a sanction for spoliation). This power includes the "'broad discretion to make ... evidentiary rulings conducive to the conduct of a fair and orderly trial.'" *Id.* at 368 (quoting *Campbell Indus. v. M/V Gemini*, 619 F.2d 24, 27 (9th Cir. 1980))."

Based on Defendant's spoliation of the evidence, an evidentiary sanction excluding any evidence Defendant may offer to refute Plaintiff's claim for discrimination is proper.

## IV.

## CONCLUSION

Plaintiff has established that Defendant being in sole possession and control of the records and files relating to the alleged discriminatory selection for the vacant DEO position had a duty to preserve the same because it had been notified of Plaintiff's discrimination claim. Yet, Defendant destroyed these records and files purportedly pursuant to a two year retention program. Whether or not there is a business justification for destroying documents, it is sanctionable to destroy documents when a party is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence Based on the spoliation

of evidence, this court may properly exercise its inherent power to impose the requested issue-related and evidentiary sanctions.

Dated: September 10, 2010          Respectfully submitted,

GOOD, WILDMAN, HEGNESS & WALLEY

By: _____
John A. Stillman, Attorneys for Plaintiff,
Frank Joseph Carderella